32173. JONES v. SPINDEL.
32183. SPINDEL v. JONES et al.

UNDERCOFLER, Presiding Justice.

Mrs. Edna Spindel, executrix for her husband's estate, in an attempt to collect an $82,000 judgment

awarded to her husband against H. Candler Jones for infringement of common law copyright, has brought this suit against Jones and his wife, to set aside certain conveyances to Jones' wife as a fraud to avoid creditors and to declare her as a trustee ex maleficio as to certain property. The copyright litigation was commenced in 1963, but was not final until May, 1973. This suit to set aside was filed in October, 1974.

The trial court denied summary judgment to Mrs. Jones, and in our Case No. 32173 we granted her interlocutory appeal. The trial court did grant, however, partial summary judgment in favor of Mrs. Jones absolving her from any personal liability for attorney fees and exemplary damages, and in our Case No. 32183, Mrs. Spindel appeals. We affirm in Case No. 32173, and reverse in part in Case No. 32183.

1. Mrs. Jones argues that since the transactions which are attacked took place over seven years before this action was filed, the trial court erred in failing to grant summary judgment in her favor. Although it is true that equity generally limits the right to set aside a conveyance for fraud to seven years by analogy to the statute of limitation on adverse possession under color of title (Code Ann. § 85-407; *Cade v. Burton,* 35 Ga. 280 (1866)), the seven years do not commence until the fraud is or should have been discovered (Code Ann. § 3-807; *Jones v. Johnson,* 203 Ga. 282 (46 SE2d 484) (1948)).

The question whether the recording of deeds was sufficient to put Mrs. Spindel on notice so that with due diligence she should have discovered the fraud is novel in our state. Other states have divided on the question; some holding that the recording of the deed is constructive notice of the fraud, while the majority view the recording as merely one circumstance bearing on whether the fraud was or should have been discovered. 100 ALR2d 1100, § 5; 76 ALR 869. We adopt the latter view because we are persuaded that an automatic rule often creates its own injustices. See also *Wood v. Lovelady,* 176 Ga. 866 (169 SE 93) (1933).

Having held that the fact of recordation is merely a circumstance to be considered in determining when the fraud was or should have been discovered, it follows that a

fact issue remains as to the commencement of the seven year period.

In addition we can not say as a matter of law that there was no fraud in these transactions. We think Mrs. Spindel has offered enough evidence to create a fact question for a jury. *Larkins v. Boyd,* 205 Ga. 69 (52 SE2d 307) (1949). Therefore, the trial court did not err in refusing to grant summary judgment in favor of Mrs. Jones.

2. Mrs. Jones also raises a question concerning the payment of costs on appeal. She claims that the appellee, Mrs. Spindel, should be taxed for the cost of that part of the record she designated be transmitted to this court in Case No. 32173.[1] She alleged in a motion before the trial court that the costs, because of this addition, have been increased to over twelve hundred dollars from about thirty. The trial court overruled her motion and she has enumerated this decision as error.

Ordinarily the costs for the record and transcript in an appeal are borne by the appellant, unless the entire transcript is designated by the appellee, in which case he bears this cost. Code Ann. §§ 6-805, 6-806. However, in *Brand v. Montega Corp.,* 233 Ga. 35 (209 SE2d 583) (1974), we held that the expense of the *entire transcript* fell on the appellant who included only parts of it, *where the trial court approved the additional designations by the appellee.* We think the same rule should be applied to the *record* on appeal.

Code Ann. § 6-805 (f) makes clear that the trial court controls the determination of the final record on appeal (*Smith v. Top Dollar Stores, Inc.,* 129 Ga. App. 60 (198 SE2d 690) (1973)), and may even supplement the record designated by the parties on its own motion (*G E C Corp. v. Southern Fabricators, Inc.,* 122 Ga. App. 452 (177 SE2d 497) (1970)). It follows then that if the trial court finds that the additional portions designated by the appellee are necessary to complete the record on appeal, the costs must be paid by the appellant; only if considered unnecessary

---

[1] Mrs. Spindel, of course, paid the costs of the record for her direct appeal in Case No. 32183.

on appeal, should the costs be taxed against the appellee. The trial court's decision will not be reversed absent a manifest abuse of discretion.

The trial court did not rule precisely on this point. However, it is clear that because the issue on appeal is whether there is a factual question to be presented to the jury, the additional designations were necessary. Therefore, the trial court will be affirmed on this point.

3. In Case No. 32183, Mrs. Spindel appeals from the grant of partial summary judgment in favor of Mrs. Jones. The trial court held that Mrs. Jones, as grantee, could not be personally liable to Mrs. Spindel for punitive damages or attorney fees. In so ruling, the trial court relied on *Foremost Dairy Products, Inc. v. Sawyer,* 185 Ga. 702 (196 SE 436) (1938). We find such reliance misplaced, but affirm as to the punitive damages and reverse as to the attorney fees for the reasons set out below.

*Foremost Dairy Products, Inc. v. Sawyer,* supra, merely holds that one can not set aside a fraudulent conveyance *and* win money damages from the grantee as that would be a double recovery. This ruling is in accordance with the general rule that although "a fraudulent transferee is not liable to a personal judgment in favor of the creditor as long as the property remains in his possession, nevertheless, in some circumstances, as where he has placed the property beyond the reach of the creditor, the transferee will be held liable, although only to the extent of the value of the property subject to the claim." 37 CJS 1296, Fraudulent Conveyances, § 444. See *Sullivan v. Ginsberg,* 180 Ga. 840 (181 SE 163) (1935). The creditor thus may seek to set aside the fraudulent conveyance or seek damages if the transferee has sold or depreciated the value of the property. 37 CJS 1296, supra; Miller v. Kaiser, 164 Colo. 206 (433 P2d 772) (1967).

Mrs. Spindel, in her pleadings, seeks equitable relief to enforce the judgment held by her and does not claim compensatory damages. She does, however, seek to collect punitive damages. Since we conclude there are no general damages prayed for in this case, but only equitable relief, there is nothing to support an award of aggravating damages under Code Ann. § 105-2002. Nor can we see how the alleged fraudulent conveyances between the Joneses

injured Mrs. Spindel's peace, happiness and feelings so that vindictive damages can be recovered under Code Ann. § 105-2003. Miller v. Kaiser, supra; 48 ALR2d 947. We note in addition that there is no claim of wounded feelings on the part of Mrs. Spindel in her pleadings. Therefore, the trial court correctly held that Mrs. Jones could not be liable to Mrs. Spindel for punitive damages.

Attorney fees, however, may be awarded under Code Ann. § 20-1404 where the "defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." This section has been applied to equity cases. *Grant v. Hart,* 197 Ga. 662 (30 SE2d 271) (1944). Therefore, the trial court erred in granting partial summary judgment as to the claim for attorney fees.

In Case No. 32183, the judgment of the trial court granting partial summary judgment to Mrs. Jones must be reversed in part and affirmed in part.

*Judgment in Case No. 32173 affirmed; judgment in Case No. 32183 affirmed in part, reversed in part. All the Justices concur. Bowles, J., not participating.*

ARGUED APRIL 13, 1977 — DECIDED APRIL 27, 1977 — REHEARING DENIED MAY 26, 1977.

*George G. Finch,* for appellant.
*David Betts,* for appellee.