### 64945. JONES v. CHRISTIAN, d/b/a CHRISTIAN CONSTRUCTION COMPANY.

CARLEY, Judge.

Appellee-plaintiff filed against appellant-defendant an action based upon a contract. Appellant filed an answer, counterclaim and a separate demand for a jury trial. When the case was called for trial, appellant failed to appear. Pursuant to appellee's motion, appellant's answer and counterclaim were stricken under the three minute rule (Code Ann. § 24-3341), and judgment by default was entered against appellant. Subsequently, appellant filed a motion to vacate the default judgment. That motion was denied and appellant appeals.

1. Appellant urges that the trial court erred in failing to make findings of fact and conclusions of law. "Code Ann. § 81A-152 (a) provides that findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in Code Ann. § 81A-141 (b) which pertains to motions to dismiss an action or claim. A motion to set aside a default judgment pursuant to Code Ann. § 81A-160 (d) does not come within the ambit of Code Ann. § 81A-152 and, thus, the trial court was not required to enter findings of fact or conclusions of law. [Cits.]" *Emery Enterprises v. Automatic Fastners Division, &c.,* 155 Ga. App. 24 (1) (270 SE2d 261) (1980). See also *Smith v. Mack,* 161 Ga. App. 95, 96 (289 SE2d 299) (1982).

2. Appellant contends that since his formal demand for a jury trial was not specifically mentioned in the order striking the answer and counterclaim, the default judgment was void and that, therefore, the trial court erred in denying the motion to vacate.

"[Appellant]'s argument that cases heard on contract where an issuable defense is filed require trial by jury unless waived is moot since the defensive pleadings were properly [striken]." *Galanti v. Emerald City Records,* 144 Ga. App. 773 (2) (242 SE2d 368) (1978). Appellant's contention that this proposition does not apply when a formal demand for jury trial has been made as in the instant case is without merit. "The effect of the trial court's order striking the answer was to remove the whole defensive pleading. There being then no answer to the complaint and no further action by appellant, default judgment was properly entered. [Cits.]" *Gregson v. Webb,* 143 Ga. App. 577, 578 (239 SE2d 230) (1977). See *Lester v. Master Charge,* 141 Ga. App. 593 (234 SE2d 164) (1977).

3. Appellant further asserts that his motion to set aside the default judgment should have been granted under the authority of Code Ann. § 81A-160 (d) as there was a non-amendable defect appearing on the face of the record. He asserts that the action of the court in hearing the case without intervention of a jury when the request for a jury trial had not been waived created a non-amendable defect appearing on the face of the record. As discussed in Division 2 above, this argument is without merit because the defensive pleadings and counterclaim were properly striken. "A motion to set aside a judgment must be predicated upon some nonamendable defect which appears on the face of the record or pleadings, or upon lack of jurisdiction. [Cits.] Since neither of these conditions exists in the present case, such a motion was not appropriate." *King v. King,* 242 Ga. 770, 772 (251 SE2d 516) (1979).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 19, 1983.

*J. L. Jordan,* for appellant.
*Gary C. Harris,* for appellee.