Elizabeth R. MEYER, who sues individually and on behalf of all others similarly situated, Plaintiff,

v.

CITIZENS AND SOUTHERN NATIONAL BANK, Defendant.

Civ. A. No. 84–103–COL.

United States District Court, M.D. Georgia, Columbus Division.

Oct. 7, 1987.

C. Neal Pope of Pope, Kellogg, McGlamry, Kilpatrick & Morrison, Columbus, Ga., Richard H. Gill of Copeland, Franco, Screws & Gill, P.A., Montgomery, Ala., Joseph L. Waldrep of Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., and C. James Jessee, Jr., Atlanta, Ga., for plaintiff.

John T. Marshall of Powell Goldstein, Frazer & Murphy, Atlanta, Ga., and W.G. Scrantom, Jr. of Page Scrantom, Harris & Chapman, P.C., Columbus, Ga., for defendant.

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

ELLIOTT, District Judge.

The parties in this case having entered into a settlement agreement, the court now has before it the application of counsel for the Plaintiff Class for an award of attorneys' fees and expenses of litigation.

The court has considered the Affidavits of Messrs. C. Neal Pope, Joseph L. Waldrep, and Richard H. Gill, the three lead counsel for the Plaintiff Class. These Affidavits contain statements summarizing the various activities of these lawyers, along with detailed records of time spent by them in representing the Plaintiff Class in this matter. These Affidavits also contain detailed records of out-of-pocket expenses incurred by counsel in the prosecution of this litigation. The court has reviewed these Affidavits, time records and expense records and has been witness to the activities of Plaintiff's counsel throughout the course of this litigation, including three weeks of actual trial. Having itself observed the activities of petitioning counsel for more than three years and having reviewed counsel's time records and expense records, as well as the entire record of pleadings and proceedings in the trial of this cause, the court is familiar with the quality of representation received by the Plaintiff Class and the results produced by it. The law firms of record[1] jointly petition the court and do not ask the court to make any separate determination of fees. Accordingly, the court will leave the division of fees to counsel of record.

The court notes at the outset that under Georgia law an award of attorneys' fees and expenses in this case is appropriate. O.C.G.A., § 13–6–11; *C & S National Bank v. Haskins*, 254 Ga. 131, 327 S.E.2d 192 (1985); *DuBose v. Box*, 246 Ga. 660, 273 S.E.2d 101 (1980); *Jones v. Spindel*, 239 Ga. 68, 235 S.E.2d 486 (1977). Indeed, in the settlement documents previously reviewed by the court, Defendant agreed to pay attorneys' fees (in addition to the class settlement fund of $25,000,000.00) in an amount not to exceed $7,000,000.00, if attorneys' fees were, in fact, awarded by the court. The Defendant Bank agreed further to be responsible for $625,000.00 in out-of-pocket costs incurred by counsel for Plaintiff Class. It is noted that any attorneys' fees awarded will not be paid by the Plaintiff Class out of the Settlement Fund but will be paid directly by the Defendant Bank.

The court is required to estimate a reasonable value for the services performed by counsel for the Plaintiff Class under all of the circumstances. *Piambino, et al. v. Bailey, et al.*, 610 F.2d 1306, 1328 (5th Cir.1980). And in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), the Court of Appeals set out the various criteria which should be considered by the court in making an award of attorney's fees. In this case the application of counsel for the Plaintiff Class for an award of attorneys' fees and reimbursement for expenses incurred has been on file for ap-

---

1. Pope, Kellogg, McGlamry, Kilpatrick & Morrison; Copeland, Franco, Screws & Gill, P.A.; Hatcher, Stubbs, Land, Hollis & Rothschild; and C. James Jessee, Jr.

proximately two months and no interested party has interposed any objection thereto, so, in this circumstance, the court will not undertake a seriatim discussion of the criteria as separately listed in *Johnson*, but the Court has applied all of these criteria, where appropriate, in making the award which will be made.

■ This lawsuit was initially undertaken by C. James Jessee, Jr., pursuant to an Attorney/Client Agreement with Class Representative Elizabeth R. Meyer, dated July 21, 1983. This Agreement provided for a contingency fee of 50 percent of any recovery made on behalf of the client, but in the event the suit was certified as a class action the fees were to be determined by the court. Thus, counsel for the Plaintiff Class undertook representation in this lawsuit without any guarantee or assurance that they would be paid anything.

This was a highly complex lawsuit in which counsel for the Plaintiff Class spent time well in excess of 10,000 hours. Not only did this lawsuit require extensive research and brief writing, but counsel were required to analyze numerous financial transactions by the Defendant Bank's Income Fund covering a period of 20 years, as well as reviewing and analyzing voluminous accounting records and over 100,000 documents produced by the Bank pursuant to Plaintiff's discovery. A considerable amount of effort and a high degree of skill were required in the class certification phase, as well as in the merits discovery phase of this case, not to mention the skill and effort required in organizing and preparing the case for trial and then actually conducting the trial for a period of three weeks. Counsel were required, at considerable expense, to engage several experts, including accountants and investment specialists.

The court further notes that counsel had to overcome forty-five special defenses raised by Defendant Bank as well as defend against a counterclaim asserted by the Bank for declaratory relief and fees and expense incurred by the Defendant Bank in defending this action.

Counsel for the Plaintiff Class had to deal with many novel and difficult legal questions in handling this case. Counsel could not have accepted additional employment or handled other matters while conducting extensive discovery and while engaged in preparation for trial and trial of this case. They expended out-of-pocket funds in excess of $700,000.00 without any assurance that they would be reimbursed in any amount. The court is also mindful of the significantly favorable result of counsel's efforts—obtaining for the Class a settlement fund of $25,000,000.00.

Taking into consideration all the relevant facts, an attorneys' fee of $7,000,000.00 appears to be well within the range of reason. Indeed, when considered in relation to the settlement figure it is less than 30 percent of that amount. By way of comparison, the court notes that in *Reynolds v. First Alabama Bank*, 471 So.2d 1238 (Ala.1985), which was a class action case involving legal issues strikingly similar to those involved in this case, but less extensive, and in which the facts were less complex than in this case, there was a recovery for the class in the amount of $5,300,000.00 and the court awarded attorney's fees in an amount of $1,795,000.00, which is roughly 33⅓ percent of the recovery.

As has already been noted, there has been no objection filed to the fee application. It is therefore the judgment of the court that $7,000,000.00 is a reasonable attorneys' fee for counsel for the Plaintiff Class and it is directed that said amount be paid to them jointly. Said sum shall be paid by the Defendant Bank immediately into the settlement escrow account, to be added to and held with the settlement fund of $25,625,000.00 already on deposit.

Counsel have also applied for an award of expenses and have filed an accounting of the out-of-pocket expenses incurred for which they seek reimbursement. As of this date those expenses total $709,183.69. The sum of $625,000.00 has been provided for in the settlement fund to be paid by Defendant Bank, leaving an excess at this time of $84,183.69 for which reimburse-

ment is sought from the class settlement fund.[2] There likely will be further out-of-pocket expenses incurred by counsel in concluding this matter.[3] The award of such further expenses must await the filing of a properly documented supplementary application, subject to any objections by Class Members as to amounts in excess of the $625,000.00 provided in the settlement. It is anticipated that the investment of the settlement fund from and after October 1, 1987, will produce in excess of $500,000.00 in earnings prior to distribution. Such earnings will be available for the payment of such additional expenses, should such be awarded on application.

As to the claim for expenses filed to date, the court has reviewed the same, and has examined the supporting records. It appears that the expenses of $709,183.69 were both reasonable and necessary in the prosecution of this case,[4] and, upon the

distribution of the settlement and fees, counsel for the Plaintiff shall be reimbursed all of their out-of-pocket expenses, of which $625,000.00 shall be paid from the settlement escrow fund by the Defendant Bank, with the balance in excess of $625,000.00 to be paid from the earnings on the $625,000.00 and then from the earnings on the settlement fund of $25,000,000.00.

There shall accrue to each portion of the settlement escrow fund—that is, the class settlement fund, the fees and expenses—its pro rata share of earnings on the total escrow funds until distribution of the respective parts.

**2.** The Attorney/Client Agreement of July 21, 1983, provides that costs and expenses are to be reimbursed by the client, and courts have approved the allowance of costs and expenses out of a settlement fund. *Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116, 124, 5 S.Ct. 387, 391, 28 L.Ed. 915 (1885); *Newberg on Class Actions,* § 6990(d).

**3.** It will also be necessary that the charges and expenses of the accountant for the Class and of the Guardian ad Litem, each of whom were appointed by the Court, be paid out of the settlement fund upon the conclusion of this matter.

**4.** There is one item of expense which is claimed for reimbursement concerning which a comment by the court is deemed appropriate, that item being a claim for $24,480.23 for "interest paid." The court has made inquiry concerning the basis for this claim and has determined the facts to be that when, by November 1985, Plaintiffs' counsel had spent out-of-pocket $50,000 in connection with their work on this case, it became apparent to them that to fully develop the matter it was going to be necessary for them to spend large sums of money, probably in the hundreds of thousands of dollars, they discon-

tinued making personal advances and borrowed $50,000 from a local bank with which they reimbursed themselves for the $50,000 already advanced (but paid themselves no interest) and made arrangements with the bank to lend them whatever expense funds were necessary to be expended until the conclusion of the case. Funds were thus borrowed from time to time as needed and the total amount of interest paid to the bank on these borrowed expense funds is $24,480.23. The Court deems this to be a legitimate claim because it was unrealistic to expect Plaintiffs' counsel to continue to advance expense funds in such large amounts from their personal resources. A loan was needed to cover the expenses of litigation and the loan required payment of interest which Plaintiffs' counsel had to pay and which they have paid. The Court takes judicial notice of the high cost of money and of the enormous costs incurred in complex litigation of this type, and the only way to completely compensate the Plaintiffs and their counsel in this class action is to award not only the costs (which would only cover the principal of the loan) but also the interest. The Court views this as only applying economic and business principles to judicial administration. See *Devex Corporation v. General Motors Corporation,* 749 F.2d 1020, 1026 (3rd Cir.1984).