A97A0099, A97A0100. MORRIS et al. v. BUDD et al. (two cases).
(486 SE2d 682)

ANDREWS, Chief Judge.

Roger Budd, Jr. d/b/a Roger Budd Company and BAMB Development Corporation (the sellers) sold an office building to Ben Morris, which Morris renovated for use as a chiropractic clinic. After the sale, Morris discovered that floor tiles removed from the building during renovations done by him and his minor son, Jason Morris, contained asbestos. On his own behalf and on behalf of his son, Morris brought

an action against the sellers seeking recovery of personal injury and property damages allegedly suffered as a result of the sale of the property with a hidden asbestos defect.

Although the complaint makes multiple allegations of fraud, negligence, bad faith, and violation of the Fair Business Practices Act (OCGA § 10-1-390 et seq.), the gravamen of all the claims is that the sellers fraudulently induced Morris to buy the building with the hidden asbestos defect by making misrepresentations about the building at the time of the sale. The sellers moved for summary judgment on various grounds, including the defense that they had no knowledge prior to the sale that the building contained any asbestos and that they made no fraudulent misrepresentations. The trial court granted summary judgment to the sellers on all the claims.

In Case No. A97A0099, Morris appeals from the grant of summary judgment in favor of the sellers. Case No. A97A0100 is a related appeal by Morris from the trial court's order requiring him to pay for the cost of including depositions in the appellate record, which he had directed the clerk to omit in the notice of appeal.

### Case No. A97A0099

1. Morris claims the trial court erred in granting summary judgment to the sellers because factual issues remain on his claims of fraud and misrepresentation.

There is nothing in the record to support a finding that, at the time of the sale, the sellers had any knowledge that the building contained asbestos. Budd, who closed the sale with Morris on behalf of the sellers, denied having any such knowledge. Morris testified on deposition that he had no information indicating that Budd knew about the presence of asbestos in the building at the time of the sale. In fact, Morris conceded that the presence of asbestos in the building was a latent defect which could not be determined by his inspections of the premises and that, at the time of the sale, there was nothing about the appearance of the building or the floor tiles in the building which indicated the presence of asbestos. Nevertheless, Morris contends that Budd fraudulently induced him to purchase the building by making statements to him that he had knowledge about the maintenance history of the building, that the building had been maintained in good condition, that it was suitable for use as a chiropractic clinic, and that he believed it had a market value in excess of the proposed sale price.

In the absence of any evidence that the sellers knew about the presence of asbestos in the building at the time of the sale, there is no basis for concluding that the sellers fraudulently concealed the defect from Morris. *Armstrong Transfer &c. Co. v. Mann Constr.*, 217 Ga.

App. 538, 540 (458 SE2d 481) (1995). Moreover, since Budd's general statements to Morris as to the condition, suitability, and value of the building at the time of the sale were no more than expressions of opinion, commendations, or sales puffing, Morris was not justified in relying on them, and they provided no grounds for a fraud claim. *Miller v. Clabby*, 178 Ga. App. 821, 822 (344 SE2d 751) (1986); *U-Haul Co. &c. v. Dillard Paper Co.*, 169 Ga. App. 280, 281 (312 SE2d 618) (1983).

There is no merit to Morris' additional contention that the representations violated a fiduciary or confidential relationship of trust and confidence which existed between him and the sellers. To the contrary, the record shows the sale was an arms-length commercial business transaction. *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 637 (466 SE2d 872) (1995).

2. The trial court also properly granted summary judgment in favor of the sellers on Morris' claim that Budd's representations regarding the building violated the Fair Business Practices Act (FBPA).

Since Morris could not justifiably rely on Budd's expressions of opinion, commendations, and puffing regarding the building, these representations did not provide a basis for the FBPA claim. *Nims v. Otter*, 188 Ga. App. 516, 518 (373 SE2d 396) (1988). Furthermore, the sale of the building to Morris was a private transaction having no characteristics sufficient to bring it within the ambit of the FBPA's protection against acts and practices injurious to the consuming public. *Condon v. Kunse*, 208 Ga. App. 856, 859 (432 SE2d 266) (1993); *Nims*, supra at 517-518.

3. Since the trial court properly granted summary judgment in favor of the sellers for the reasons stated in Divisions 1 and 2, supra, we need not address appellants' additional enumerations of error contending that the trial court erred by granting summary judgment to the sellers on other grounds.

## Case No. A97A0100

4. In this related appeal, Morris appeals from an order entered by the trial court requiring appellants to pay the cost of including depositions given by him, his son, and Budd as part of the record on appeal in Case No. A97A0099.

In the notice of appeal in Case No. A97A0099, Morris stated that "[t]he Clerk will please omit from the record on appeal . . . the complete texts of any depositions filed in the case." In response, the appellee sellers filed a designation of record pursuant to OCGA § 5-6-42 designating that the omitted depositions be included in the appellate record. Subsequently, the appellee sellers filed a motion contend-

ing that the omitted depositions of Ben Morris, Jason Morris, and Budd were relevant and necessary to complete the record on appeal and that the costs of including them in the record should be borne by the appellants. The trial court agreed and granted the motion.

Morris concedes that the depositions he omitted from the appellate record contain material necessary for consideration of the appeal in Case No. A97A0099. However, he contends that only portions of the depositions are relevant and that the trial court erred by ordering him to pay for inclusion of the entire depositions in the record. Where the appellant directs the clerk to omit parts of the trial record from the appellate record and the appellee designates that the omitted parts be included, "if the trial court finds that the additional portions designated by the appellee are necessary to complete the record on appeal, the costs must be paid by the appellant; only if considered unnecessary on appeal, should the costs be taxed against the appellee. The trial court's decision will not be reversed absent a manifest abuse of discretion." *Jones v. Spindel*, 239 Ga. 68, 70-71 (2) (235 SE2d 486) (1977).

The appellants have not demonstrated that the trial court abused its discretion by ordering them to pay for inclusion of the depositions in the appellate record. The appellants directed the clerk to omit the entire depositions in their notice of appeal and then, after the appellees designated that the depositions be included, conceded that portions of the depositions contain material necessary to consideration of the appeal. They contend on appeal that hundreds of pages of the depositions are unnecessary to consideration of the appeal. However, the appellants have failed to give record cites to the specific portions of the depositions they consider unnecessary for inclusion in the appellate record.

Appellees' motion pursuant to Court of Appeals Rule 15 (b) for imposition of a penalty for a frivolous appeal is denied.

*Judgments affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 14, 1997.

Before Judge Horkan.

*Calvin A. Rouse*, for appellants.

*Langdale, Vallotton, Linahan & Thelkeld, William P. Langdale, Jr., Hawkins & Parnell, Robert R. Elarbee*, for appellees.