## A98A2297. BENNETT v. BUILDERS II, INC.
(516 SE2d 808)

Judge Harold R. Banke.

On November 1, 1996, a panel of arbitrators entered an award arising out of a dispute between Gus Bennett and Builders II, Inc. ("Builders") in connection with a contract for construction of a new home in Fulton County. The arbitrators awarded Bennett $30,580 on his claim and awarded Builders $24,670 on its counterclaim for a net award of $5,910 in favor of Bennett.

Bennett filed an application in superior court to vacate the award. The court converted Builders' motion to dismiss into a motion for summary judgment, granted the motion, denied Bennett's cross-motion and confirmed the arbitrators' award. *Held*:

1. Bennett has incorrectly referenced the record index rather than pages of the record as required by Court of Appeals Rule 27 (a) (1). Accord *Carson v. Carson*, 226 Ga. App. 659, 660 (1) (487 SE2d

---

447) (1997). Bennett submitted an "amended" brief in which he again failed to cite directly to the pages of the record as ordered and as required by the rules. "References to index items do not meet [this Court's] requirements and diminish this Court's ability to find rapidly critical documents and testimony in records and transcripts; such practice should be discontinued forthwith." Id.

2. Bennett contends the trial court erred because it used an improper legal standard when deciding the motion for summary judgment. The court stated plaintiff "presented insufficient evidence of any 'corruption, fraud or misconduct' in the underlying arbitration, or impartiality of an arbitrator, under OCGA § 9-9-13 (b)." The words chosen by the court do not require reversal. See, e.g., *Olympia Svcs. v. Sherwin Williams Co.*, 224 Ga. App. 437, 439 (1) (480 SE2d 883) (1997); *Moore v. Barge*, 210 Ga. App. 552, 555 (1) (436 SE2d 746) (1993) ("There was insufficient evidence to create a question of fact on this claim.").

3. Bennett contends there are issues of material fact showing partiality of one of the arbitrators, and that the issue should be judged by the same standard as impartiality of jurors.

Unless one of the four statutory grounds set forth in OCGA § 9-9-13 (b) is found to exist, a reviewing court is bound to confirm the award. *Greene v. Hundley*, 266 Ga. 592, 594 (1) (468 SE2d 350) (1996). "By its enactment, the Arbitration Code repealed common law arbitration in its entirety, and it must, therefore, be strictly construed." (Footnotes omitted.) Id. at 594 (1). Thus, as provided in the statute, a showing of prejudice is required in addition to showing the prejudice results from one of the listed reasons. Also, the burden of proof is on the one seeking to set aside an award. Id.

Bennett failed to provide the trial court with a transcript and record of the arbitration hearing. Bennett testified in an affidavit of his recollection of certain parts of the arbitration which he contends reveal prejudice by the arbitrator. Without a transcript and record of the arbitration hearing, neither this Court nor the court below is capable of determining whether partiality resulted in prejudice to Bennett. Accordingly, the court was authorized to grant summary judgment as to Bennett's claim of partiality. See *McMann v. Mockler*, 233 Ga. App. 279, 280-281 (1) (503 SE2d 894) (1998) (claimant unable to show causation in professional negligence action due to failure to provide transcript or record of underlying workers' compensation case).

4. Bennett also asserts the trial court erred in ordering him to pay for a portion of the record on appeal. In his notice of appeal, Bennett requested that certain portions of the record below be omitted. Thereafter, Builders designated that those same items be included in the record. Bennett was invoiced by the clerk of court for the cost of

the additional portions. Bennett moved the trial court to cause Builders to pay the additional cost, but according to Bennett's brief, he paid those costs before any order was entered by the trial court. Because there is no decision of the court below to review on appeal, this enumeration is without merit. We note that the cost of additional portions of a record designated by the appellee that are necessary to complete the record on appeal must be paid by the appellant; "only if considered unnecessary on appeal, should the costs be taxed against the appellee." *Jones v. Spindel*, 239 Ga. 68, 70-71 (2) (235 SE2d 486) (1977). See also *Morris v. Budd*, 226 Ga. App. 455, 458 (4) (486 SE2d 682) (1997).

Builders' motion for penalty for frivolous appeal is denied.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999.

*Brett W. Ladd*, for appellant.

*Misner, Scott & Gate, Steven J. Misner, Schnader, Harrison, Segal & Lewis, Warren N. Sams III*, for appellee.