## A00A0091. BENNETT v. COTTON.
### (536 SE2d 802)

SMITH, Presiding Judge.

Jan K. Bennett appeals from the trial court's order granting the motion for summary judgment filed by the defendants in the suit brought by Bennett and her husband, Gus J. Bennett, against Builders II, Inc. and its president, James Cotton, in connection with the construction of their residence. Jan Bennett (hereinafter "Bennett") contends the trial court, for a variety of reasons, erred in entering summary judgment and in casting the total cost of the record on her. We find no merit in Bennett's contentions, and we affirm both the grant of summary judgment and the trial court's ruling regarding costs of the record.

In *Bennett v. Builders II*, 237 Ga. App. 756 (516 SE2d 808) (1999), we affirmed an arbitration award to Gus Bennett against Builders II in connection with the home construction contract. This action was initiated by both Bennetts against Builders II and relates to the same construction. The Bennetts' present suit was brought in five counts, alleging negligent construction, negligence per se in failure to comply with state and local construction codes, intentional use of defective or substandard materials, deceit in concealing these defects from plaintiffs, intentional fraud, and stubborn litigiousness. The Bennetts sought damages in excess of $100,000, punitive damages, and expenses of litigation. The defendants' motion for summary judgment was made on the grounds of res judicata and collateral estoppel. Conceding that Bennett was not technically a party to the contract or the prior arbitration proceeding, defendants nevertheless contended that because Bennett is co-owner of the property and actively participated in the arbitration proceeding, she, as well as her husband, should be barred by res judicata and collateral estoppel from proceeding upon this lawsuit based upon the same facts.

The trial court granted the defendants' motion in a brief order without specifying the basis for its ruling. Bennett appeals,[1] reciting specifically that her husband does not join the appeal and that the appeal is taken only against Cotton individually, not against Builders II.[2]

1. Bennett contends the trial court erred in granting summary judgment on the basis of res judicata and collateral estoppel. She argues that she was neither a signatory to the contract between her husband and Builders II nor a party to the arbitration and the arbitration related solely to the contract and alleged breach thereof, making her tort claims against Cotton outside the scope of the arbitration. Bennett claims, therefore, that neither res judicata nor collateral estoppel applies. We do not agree.

Under Georgia law, preclusion doctrines apply to arbitration proceedings. See, e.g., *Centex-Rodgers Constr. Co. v. City of Roswell*, 215 Ga. App. 30, 32 (2) (449 SE2d 631) (1994). And preclusion doctrines apply to a cause of action "even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added. [Cit.]" *Medlin v. Carpenter*, 174 Ga. App. 50, 51 (2) (329 SE2d 159) (1985) (full concurrence as to Division 2). So the fact that neither Cotton nor Bennett was technically a party to the arbitration proceeding does not prevent application of the doctrines.

Despite her lack of legal training and experience, Bennett has carefully crafted her pleadings and briefs in an attempt to avoid application of the doctrines whose bar she seeks to avoid. She points out that her cause of action is based in tort and she does not rely on the contract between her husband and the construction company. She asserts that no general agency existed between her and her husband, that she did not take orders from her husband, that Cotton dealt with her separately with regard to the construction, and that his misrepresentations *to her* are the subject matter of this appeal. Notwithstanding this valiant attempt, we conclude that res judicata and collateral estoppel apply in this case to bar Bennett's suit. OCGA § 9-12-40 provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all

---

[1] Bennett appeals pro se, informing this court that she is not a lawyer and has limited past experience with the law as an administrative hearing officer for an institution of higher learning and as liaison with several United States Attorneys and state attorneys general on behalf of a federal agency. She states that in briefing this appeal she relied on briefs previously filed by her former counsel. Bennett's husband is an attorney with experience in business as well.

[2] The briefs on appeal are captioned "Jan K. Bennett v. James Cotton." The notice of appeal is captioned "Jan K. Bennett v. Builders II, Inc. and James Cotton," although the document recites expressly that "no appeal is sought as regards the Defendant Builders II, Inc."

> matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

All claims for relief that concern *"the same subject matter"* must be raised. *Lawson v. Watkins*, 261 Ga. 147, 149 (2) (401 SE2d 719) (1991). Any claims for relief concerning the same subject matter that are not raised are thereafter barred under OCGA § 9-12-40. The contract's arbitration clause expressly covers "all claims or disputes . . . arising out of or relating to the contract documents, or the breach thereof." The phrase "arising out of" is broad enough to encompass Bennett's claims for fraud and deceit. See *Robinson-Humphrey Co. v. Williams*, 193 Ga. App. 892, 894 (389 SE2d 345) (1989); *Medlin*, supra (claim "arising out of" same transaction). The damages arise out of the construction of the Bennetts' home, and only one satisfaction of the same injury is possible. The damages sought by Bennett are the same as those sought in the arbitration proceeding. The only apparent difference is that she now seeks the same damages in tort that her husband previously sought in pursuing his contractual arbitration remedy. *Nannis Terpening & Assoc. v. Mark Smith Constr. Co.*, 171 Ga. App. 111, 113 (1) (318 SE2d 89) (1984).

It is true that Bennett was neither a signatory to the contract nor technically a party to the arbitration. And a husband and wife are generally not privies for purposes of res judicata. *Aycock v. Calk*, 228 Ga. App. 172, 175-176 (491 SE2d 383) (1997). But "[p]rivies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property." (Citation and punctuation omitted.) *Monroe v. Kersey*, 207 Ga. App. 108, 109 (5) (427 SE2d 80) (1993). Bennett and her husband are co-owners of the property. In *Olson v. Harveston*, 158 Ga. App. 65 (276 SE2d 54) (1981), a similar fact situation was presented. This court held that a husband and wife were in privity with respect to a construction contract because of their joint ownership of the property involved in a contractor's lien foreclosure.[3] Id. at 69 (4). See also *Gutherie v. Ford Equip. Leasing Co.*, 231 Ga. App. 350, 352 (498 SE2d 797) (1998).

The same is true with regard to Cotton and Builders II. Cotton clearly acted in his capacity as the agent for Builders II in negotiating the contract and in executing it. He is clearly in privity with Builders II.

---

[3] Bennett correctly points out that in *Olson* the wife relied on the contract and attached it to her complaint. But we are persuaded that this is a distinction without a difference, since the issue of privity between the co-tenants is identical.

Finally, Bennett cannot have it both ways. If she was not in privity with her husband, Cotton could not have had any duty toward her with regard to the construction, as she was a stranger to the contract, and his alleged misrepresentations to her could not have been material.

Res judicata requires that a party assert all claims that arise out of the underlying facts in one proceeding. As joint owners and therefore privies, the Bennetts were required to seek recovery in one proceeding against Builders II and Cotton for all their claims arising out of the construction of their home. They may not hold some claims in abeyance while others are submitted to binding arbitration.

2. Bennett's contention that the trial court erred in applying the "economic loss" rule to her claim is, at best, unsubstantiated. But we need not decide whether that rule applies. All Bennett's remaining contentions regarding the trial court's entry of summary judgment in favor of appellee are without merit, since summary judgment was proper based upon the bar of res judicata. "A grant of summary judgment must be affirmed if it is right for any reason." (Citation and punctuation omitted.) *MALAGA Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993).

3. Bennett directed the clerk to omit all but specified portions of the record. Appellee designated the remainder of the record, under OCGA § 5-6-42. Bennett maintains the trial court erred in ordering her to pay the entire cost of the record in the record on appeal.

We held in *Bennett v. Builders II*, "[T]he cost of additional portions of a record designated by the appellee that are necessary to complete the record on appeal must be paid by the appellant; only if considered unnecessary on appeal, should the costs be taxed against the appellee." (Citations and punctuation omitted.) Id. at 758. Apportionment of costs is the trial court's decision to make, and the trial court's decision will be affirmed absent a "manifest abuse of discretion." *Jones v. Spindel*, 239 Ga. 68, 70-71 (2) (235 SE2d 486) (1977); *Morris v. Budd*, 226 Ga. App. 455, 458 (486 SE2d 682) (1997). It is the appellant's burden to show error by the record. *Stover v. Candle Corp. of America*, 238 Ga. App. 657, 661 (520 SE2d 7) (1999). Because Bennett has not given record citations to any specific portions of the record she deems unnecessary, we are unable to agree with her that the trial court abused its discretion in denying Bennett's request to apportion the costs. *Morris*, supra.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JULY 5, 2000.

Jan K. Bennett, *pro se.*
*Misner, Scott & Grate, Steven J. Misner,* for appellee.