## A08A0448. JACQUES v. MURRAY.
(659 SE2d 643)

Blackburn, Presiding Judge.

In this civil action, defendant Steven Jacques appeals an order denying his motion to set aside a default judgment and a separate order denying his motion to apportion costs of the record on appeal, arguing that the trial court erred in striking his answer for failure to appear at trial and in not apportioning some of the costs of the appellate record to plaintiff. For the reasons set forth below, we affirm.

The record shows that in July 2003, Mozell Murray filed suit against Jacques in Richmond County, alleging breach of contract, fraud, and violations of federal law. On February 7, 2005, the case was called for trial; however, Jacques failed to appear. Consequently, Murray moved the trial court to strike Jacques's answer, which the court did in an order dated February 8, 2005. In that order, the trial court further ruled that all of Murray's allegations were deemed admitted and scheduled a trial on the issue of damages. When the case was called for trial the week of November 7, 2005, Jacques appeared and requested a continuance. At that time, he also agreed to waive his right to a jury trial on damages and instead have the trial court resolve the issue in a bench trial.

On December 27, 2005, Jacques filed a motion to dismiss Murray's complaint on the ground that it did not allege proper venue. On that same date, he also (i) filed a motion to vacate the court's order that struck his answer and (ii) filed a demand for a jury trial. The case was called for trial on the issue of damages on January 5, 2006, at which time the trial court denied Jacques's motion to vacate and also denied his demand for a jury trial based on his earlier waiver. The bench trial proceeded, and at its conclusion, the trial court awarded Murray over $11,000 in damages.

Nearly one year later, Jacques filed a motion to set aside the default judgment, pursuant to OCGA § 9-11-60 (d), on the ground that the trial court did not have personal jurisdiction over him. A

hearing was held, after which the trial court issued an order denying Jacques's motion. Jacques filed a notice of appeal, in which he requested that the clerk omit various items from the record. Pursuant to OCGA § 5-6-42, Murray responded by filing a designation of the record on appeal, which requested that the clerk omit nothing. The trial court held a hearing on the matter and later issued an order omitting some of the items from the record (as Jacques requested) but assessing all the costs to Jacques.[1] Jacques filed a motion to apportion costs, which the trial court denied. Thereafter, Jacques amended his notice of appeal to include an appeal of the trial court's denial of his motion to apportion costs.

1. Jacques contends that the trial court erred in denying his motion to set aside the default judgment, arguing that the court improperly struck his answer and ignored his jurisdiction and venue defenses. We disagree.

"Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment." *Stone Exchange, Inc. v. Surface Technology Corp. of Ga.*[2] In this matter, the trial court struck Jacques's answer and entered a judgment in favor of Murray after Jacques failed to appear when the case was called for trial. "Unquestionably a trial court may enter a default judgment against a party that does not appear for trial." *Migmar, Inc. v. Williams.*[3] See *Lewis v. Carscallen;*[4] *Truitt v. Housing Auth. of the City of Augusta.*[5]

Jacques does not contest the fact that he failed to appear when the case was called for trial but instead argues that the trial court should have set aside the default judgment it entered after striking his answer because Murray's complaint failed to establish either personal jurisdiction or venue. This contention is without merit. "[P]ersonal jurisdiction and venue are generally defenses that may be waived if not raised at the proper time." *Euler-Siac S.P.A. (Creamar Spa) v. Drama Marble Co.*[6] "Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense." (Punctuation omitted.) Id. at 255 (1). More importantly, "[t]he effect of the trial court's order striking [Jacques's] answer was to remove [his] whole defensive pleading."

---

[1] The transcript of this hearing was not included in the record on appeal despite the fact that the trial court's order directed that all transcripts be included.

[2] *Stone Exchange, Inc. v. Surface Technology Corp. of Ga.*, 269 Ga. App. 770, 771 (605 SE2d 404) (2004).

[3] *Migmar, Inc. v. Williams*, 281 Ga. App. 870 (637 SE2d 471) (2006).

[4] *Lewis v. Carscallen*, 274 Ga. App. 711, 714 (3) (618 SE2d 618) (2005).

[5] *Truitt v. Housing Auth. of the City of Augusta*, 235 Ga. App. 92, 94 (507 SE2d 781) (1998).

[6] *Euler-Siac S.P.A. (Creamar Spa) v. Drama Marble Co.*, 274 Ga. App. 252, 254-255 (1) (617 SE2d 203) (2005).

(Punctuation omitted.) *Jones v. Christian.*[7] See *Galanti v. Emerald City Records.*[8] Here, although Jacques's answer alleged lack of personal jurisdiction and lack of proper venue as affirmative defenses, he filed no motion contesting either personal jurisdiction or venue until well after the trial court struck his answer. Thus, those defenses were effectively waived. The trial court did not abuse its discretion in denying Jacques's motion to set aside the default judgment.

2. Jacques also contends that the trial court erred in denying his motion to apportion the costs of the record on appeal. We disagree.

"[T]he cost of additional portions of a record designated by the appellee that are necessary to complete the record on appeal must be paid by the appellant; only if considered unnecessary on appeal, should the costs be taxed against the appellee." (Punctuation omitted.) *Bennett v. Builders II.*[9] "Apportionment of costs is the trial court's decision to make, and the trial court's decision will be affirmed absent a manifest abuse of discretion." (Punctuation omitted.) *Bennett v. Cotton.*[10] Furthermore, "[i]t is the appellant's burden to show error by the record." Id.

Here, the trial court held a hearing to consider Jacques's and Murray's arguments as to what items should be omitted from the record on appeal. Following that hearing, the trial court issued an order, in which it agreed with Jacques with regard to over half of the items that Jacques requested be omitted. Below and on appeal, Jacques briefly asserts only that the included items were unnecessary to this appeal, without explaining or arguing the issue in any detail. Accordingly, the trial court had ample grounds to find that Jacques failed to carry his burden to show that the costs should be apportioned. The trial court did not abuse its discretion in denying his motion to apportion costs.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 28, 2008 —
RECONSIDERATION DENIED MARCH 18, 2008 —

*Allen W. Johnson,* for appellant.
*Klosinki Overstreet, James C. Overstreet, Jr.,* for appellee.

---

[7] *Jones v. Christian,* 165 Ga. App. 165, 166 (2) (300 SE2d 1) (1983).

[8] *Galanti v. Emerald City Records,* 144 Ga. App. 773, 774 (2) (242 SE2d 368) (1978).

[9] *Bennett v. Builders II,* 237 Ga. App. 756, 758 (4) (516 SE2d 808) (1999).

[10] *Bennett v. Cotton,* 244 Ga. App. 784, 787 (3) (536 SE2d 802) (2000).