[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2008
THOMAS K. KAHN
CLERK

No. 08-13279
Non-Argument Calendar
_____

D. C. Docket No. 07-00209-CV-HL-5

ATARI A. ENDSLEY,

Plaintiff-Appellant,

versus

CITY OF MACON, GA,
MIKE BURNS,
Chief of Police,
TRACEY STANLEY,
Officer,
EMMETT BIVINS,
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 20, 2008)**

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Atari A. Endsley appeals pro se the district court's order granting summary judgment to the City of Macon, Chief of Police Mike Burns, Officer Tracey Stanley, and Officer Emmett Bivins, on Endsley's 42 U.S.C. § 1983 claims alleging constitutional violations arising from a March 19, 2005, traffic accident involving Endsley. Endsley argues that the district court erred in finding that his instant federal claims were barred by res judicata based on an earlier lawsuit he had filed in the Superior Court of Bibb County, Georgia. He also claims that he was entitled to judgment on the pleadings because the defendants failed to reply to his response to their motion for summary judgment. For the reasons discussed more thoroughly below, we affirm.

## I. LAW & ANALYSIS

As an initial matter, Endsley's assertion that he was entitled to judgment on the pleadings is without merit. As the district court properly concluded, the defendants' failure to reply to Endsley's response to their motion for summary judgment did not constitute failure to plead or otherwise defend as contemplated by Federal Rule of Civil Procedure 55(a). There is no requirement to file a reply to the opposing party's response to a motion for summary judgment, and Endsley provides no authority to indicate otherwise. Thus, default judgment would not be appropriate on that ground, nor would Endsley's "Statement of Undisputed Facts"

2

be deemed admitted by the City.  See Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default").

We review de novo the district court's grant of summary judgment and apply the same standard used by the district court.  Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001).  Summary judgment may be affirmed "if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir. 1993).  "Whether a claim is barred by the principles of res judicata is a question of law subject to de novo review."  Akin v. PAFEC Ltd., 991 F.2d 1550, 1556 (11th Cir. 1993).

"Under the Full Faith and Credit Act, a federal court is required to give res judicata effect to state court judgments only to the extent that the courts of the state in which the judgment was entered would do so."  Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1473 (11th Cir. 1985).  "Section 1983 . . . does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on [his] state claims and then turn to federal court for adjudication of [his] federal claims."  Migra v. Warren City School Dist. Bd. of

3

Educ., 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984) (holding "that petitioner's state-court judgment in [the] litigation [had] the same claim preclusive effect in federal court that the judgment would have in the . . . state courts").

Pursuant to Georgia state law,

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

O.C.G.A. § 9-12-40. "A party seeking to invoke res judicata on the basis of a prior judgment [under Georgia law] must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." Akin, 991 F.2d at 1556 (citations omitted).

Under Georgia law, all claims for relief that concern "the same subject matter" must be raised in the first action because "[a]ny claims for relief concerning the same subject matter that are not raised are thereafter barred under OCGA § 9-12-40." Bennett v. Cotton, 536 S.E.2d 802, 804 (Ga. Ct. App. 2000). Further, the application of res judicata may not be avoided by the addition of new parties in a subsequent suit where the new parties' "alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the

4

original suit." Caswell v. Caswell, 290 S.E.2d 171, 172 (Ga. Ct. App. 1982); see also Medlin v. Carpenter, 329 S.E.2d 159, 162 (Ga. Ct. App. 1985) ("A cause of action is barred by the doctrine of res judicata even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added").

The district court did not err by granting summary judgment on Endsley's claims against the City of Macon, Officer Stanley, and Officer Bivins. Endsley concedes that the Superior Court of Bibb County is a court of competent jurisdiction that could have decided his § 1983 claims,[1] and his contention that he was not required to assert his federal claims in state court is without merit. See Migra, 465 U.S. at 85, 104 S.Ct. at 898; Cable Holdings of Battlefield, Inc., 764 F.2d at 1473. The district court found that the state court had decided Endsley's state law claims on the merits, and Endsley does not contest that finding on appeal except to argue that this issue is admitted by the defendants' failure to reply to his response to their motion for summary judgment. See Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (noting that a legal claim or argument that has not been briefed will be deemed abandoned);

---

[1] In Endsley's November 1, 2006, state court complaint for damages, which he brought against the City of Macon, Macon Police Department, Officer Stanley, and Officer Bivins, Endsley asserted tort claims that were premised on his March 19, 2005, traffic accident.

5

Greenbriar, Ltd. v.City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding an issue waived where only a passing reference and no substantive argument was made in the appeal brief). Thus, the third res judicata element is satisfied. See Akin, 991 F.2d at 1556. Further, aside from Endsley's addition of Chief Burns and Endsley's removal of the Macon Police Department in the instant federal complaint, he brought both his state and federal actions against the City of Macon, Officer Stanley, and Officer Bivins. Thus, with respect to the claims against the City of Macon, Officer Stanley, and Officer Bivins, the first res judicata element also is satisfied. See Akin, 991 F.2d at 1556. Finally, the identity of the causes of action are the same because the claims against the City of Macon, Officer Stanley, and Officer Bivins in both Endsley's state and federal complaints concern or arise out of Endsley's March 19, 2005, traffic accident. See Bennett, 536 S.E.2d at 804; Akin, 991 F.2d at 1556. Thus, as all three res judicata elements are satisfied, the district court did not err by granting summary judgment to the City of Macon, Officer Stanley, and Officer Bivins on that ground.

The district court declined to address whether Chief Burns should be treated as an identical party for res judicata purposes because it found that the claims against him arose out of a different set of facts. Endsley claims that Chief Burns failed to (1) take disciplinary action against the other officers, and (2) expunge the

record upon a finding that Endsley's claims were substantiated. These claims are predicated on the same operative facts relating to Endsley's March 19, 2005, traffic accident, and, thus, Endsley may not avoid the application of res judicata by adding new parties. See Caswell, 290 S.E.2d at 172. Accordingly, we affirm summary judgment on Endsley's claims against Chief Burns because those claims also are barred by res judicata.[2] See Fitzpatrick, 2 F.3d at 1117 (summary judgment may be affirmed on any adequate ground in the record).

**AFFIRMED.**

---

[2] We note that, even if Endsley's claims against Chief Burns were not barred by res judicata, we still would affirm. Endsley claims that Chief Burns: (1) "breached his operational duty" by violating O.C.G.A. § 36-81-2(1), which he indicates defines "Governing Authority"; and (2) showed "deliberate indifference" towards Endsley's rights. However, Endsley fails to establish how Chief Burns was "deliberately indifferent" toward his rights. Thus, to the extent the claims against Chief Burns involve new subject matter, Endsley has failed to demonstrate a violation of the due process clause, and his assertion that his equal protection rights were violated is both unsupported by the record and without merit. See Porter v. White, 483 F.3d 1294, 1308 (11th Cir. 2007) (citation omitted) (emphasis in original) (stating that "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care").