# Court of Appeals
# of the State of Georgia

ATLANTA,  November 10, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0222.  ZOW v. REGIONS BANK et al.**

The captioned appeal was docketed in this Court on September 18, 2014.  In his notice of appeal, Appellant James Zow, Sr. ("Zow") directed that "docketed items dated September 27, 2012 - January 27, 2014" be omitted from the record transmitted to this Court.  It appears that Appellees then filed, pursuant to OCGA § 5-6-42, a designation of additional items to be included in the record on appeal.  The Clerk of the Superior Court of DeKalb County certified the record on or about August 18, 2014; however, the items Appellees designated were not included in the record received by this Court.

On October 6, 2014, Appellees filed a motion to remand in order to complete the record.  In their motion, Appellees averred that the items designated were "necessary for this Court to be able to consider the issue of [Zow's] contempt"; that the Clerk of the Superior Court of DeKalb County invoiced Zow for the cost to include the additional items in the record; and that Zow refused to remit payment to include the additional items.  In his response to Appellees' motion to remand, Zow asserts that he did not refuse payment for the additional items; that he never discussed payment for the additional items "with an unidentified 'Appeals Clerk'"; and that "the current record is totally sufficient to ascertain the true and complete facts" of the issues appealed.[1]  As a result, Zow contends, the additional items designated by

---

[1] On October 29, 2014, the Clerk of the Superior Court of DeKalb County confirmed to this Court that the additional items were not included in the appellate record because Zow refused to remit payment for the additional items and that

Appellees are unnecessary.

As a result of the foregoing, it is clear that the parties dispute the necessity of the documents cited in Appellees' designation and, if those documents are deemed necessary, Zow's responsibility for satisfying the cost for the preparation of those documents for the appellate record. Such disputes are committed to the sound discretion of the trial court. See OCGA §§ 5-6-41 (f), 5-6-42; *Jones v. Spindel*, 239 Ga. 68, 70 (2) (235 SE2d 486) (1977); *Morris v. Budd*, 226 Ga. App. 455, 458 (4) (486 SE2d 682) (1997). Furthermore, this Court is required by the Georgia Constitution to "dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term." Ga. Const. of 1983, Art. VI, Sec. IX, Par. II. Appeals must be decided within the constitutionally imposed deadline and cannot be indefinitely stayed pending preparation of the necessary record in the trial court.

Accordingly, it is hereby ORDERED that Appellees' motion to remand is hereby GRANTED. It is further ORDERED that this case be REMANDED to the Superior Court of DeKalb County for consideration of issues related to the record and for preparation of the record necessary for consideration of the appeal. Upon preparation of the necessary record, the Clerk of the Superior Court of DeKalb County shall transmit the entire record to this Court for re-docketing.

It is further ORDERED that Zow's "motion to correct clerical error" in Zow's opening brief and Regions Bank's "motion for extension of time" to file its appellee's brief are hereby DENIED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____11/10/2014_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

payment has not been received.