### 23023. College Park Land Company v. Mayor and Council of College Park et al.

Jenkins, P. J. "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Civil Code (1910), § 4336; *Watkins* v. *Lawton*, 69 *Ga.* 671 (1), 674. "There is an estoppel by judgment only as to such matters as were necessarily or actually adjudicated in the former litigation. That is to say, there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters, within the scope of those pleadings, as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined." *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260).

2. Under the preceding statutory rule as to "privies," a party has been held to be in privity with a party to the former litigation when he bears the relationship of successor to a predecessor in title, a cestui que trust to a trustee or quasi-trustee, a beneficiary in estate to an administrator, a principal to an agent or agent to a principal, a city to its treasurer; and in class actions, where a party is one of a group of municipal taxpayers or citizens in whose behalf expressly or by necessary implication the former suit was brought by a taxpayer or property owner "upon a matter of public and general interest to all other taxpayers of such political subdivision." *Holman* v. *Bridges*, 165 *Ga.* 296 (2), 301 (140 S. E. 886); *Clark* v. *Flannery*, 99 *Ga.* 239 (25 S. E. 312); *Rushing* v. *Sikes*, 175 *Ga.* 124 (165 S. E. 89); *Morris* v. *Murphey*, 95 *Ga.* 307 (22 S. E. 635, 51 Am. St. R. 81); Hoosier Construction Co. *v.* Seibert, 63 Ind. App. 594 (114 N. E. 981); 54 L. R. A. 650-652, notes). By analogy to these privity relations, where, as in the instant case, a contractor previously brought a suit for damages against the city for failure to perform its contract to issue and transfer to him fi. fas. against lot owners, as payment to him for laying curbing abutting the described property of such owners, and alleged that his work was "done and completed according to his contract," which provided for payment by the issue and transfer of such fi. fas., and where the city set up as its sole defense that the work was not done in accordance with the specifications and terms of the contract, and a verdict and judgment on the merits on this issue was rendered against the contractor, and where an assignee of the contractor thereafter obtained the issuance and assignment to him by the city of a fi. fa. against one of such lot owners, describing the owner with the same name, and the same footage and amount, as was specifically alleged in the former suit, the assignee of the fi. fa. and the lot owner were, therefore, in privity with the parties to the former suit, and were bound by its result. Accordingly, upon the levy of an execution by the assignee of the contractor and an affidavit of illegality by the lot owner, presenting the defense stated in the preceding paragraph, the former cause necessarily involving the issues as to whether the contractor had properly completed the curbing so as to render the

owners of abutting property liable to the city or the contractor as its assignee, *and whether executions against such lot owners should issue and be assigned by the city to the contractor,* the previous judgment was a final adjudication of these questions, binding both the assignee and the lot owner. See *Blankenship* v. *Johnston,* 47 *Ga. App.* 151 (170 S. E. 92); *Holmes* v. *Langston,* 110 *Ga.* 861, 868 (36 S. E. 251); *Ransom* v. *Pierre,* (8 C. C. A.) 101 Fed. 665.

3. Under the agreed facts and additional evidence introduced, which was uncontroverted, a finding was demanded for the lot owner upon the ground that the former judgment against the contractor precluded his assignee from collecting on the execution. For this reason, it was error to overrule, upon the general grounds, the motion of the defendant in fi. fa. for a new trial. This ruling being controlling as to the general grounds and the special grounds relating to the admissibility of evidence on the character of the paving work done, it is not necessary to pass upon the remaining exceptions.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 16, 1934. REHEARING DENIED MARCH 3, 1934.

*W. S. Northcutt,* for plaintiff in error.
*George P. Whitman, J. A. Watson, R. E. Lee Field,* contra.