24002. WOODS *v.* TRAVELERS INSURANCE COMPANY.

DECIDED NOVEMBER 26, 1934.

*F. M. Gleason,* for plaintiff.
*Finley & Campbell, Maddox, Matthews & Owens,* for defendant.

BROYLES, C. J. This suit was brought by Mrs. Samantha Woods against the Travelers Insurance Company, and was based upon the permanent total disability clause of a certificate issued to her under and subject to the provisions of a "group" contract of insurance issued by the Travelers Insurance Company to the Peerless Woolen Mills. The certificate contained a provision that "the insurance of any employee covered hereunder shall end when his employment with the assured shall end, except in a case where at the time of such termination the employee shall be wholly disabled and prevented by bodily disease from engaging in any occupation or employment for wage or profit." In other words, the certificate provided that the insurance of the employee (Mrs.

Woods) would automatically end when she ceased to be employed by the assured (the Peerless Woolen Mills), unless she was totally and permanently disabled when her employment terminated. The plaintiff alleged that the certificate was issued to her on June 29, 1926, when she was an employee of the Peerless Woolen Mills; and that she worked there "from the year of 1926 *to about January, 1929,* or for a total period about three years." (Italics ours.) The defendant interposed a demurrer; and the plaintiff amended her petition by striking the word "January" from the foregoing allegation and inserting in its place the word "June," so that the allegation, as amended, read that she had "worked at said Peerless Woolen Mills from the year of 1926 *to about June, 1929,* or for a total period *of about three years.*" (Italics ours.) The petition and the amendment alleged "that on or about the 25th day of June, 1929," she became totally and permanently disabled. The judge sustained the general demurrer and dismissed the case. It will be observed that the plaintiff failed to allege directly, either in the petition or in the amendment, that on the date (June 25, 1929) when she became totally and permanently disabled she was still employed by the Peerless Woolen Mills. The amended petition, properly construed (most strongly against the plaintiff), shows that she was not so employed, and therefore it fails to set out a cause of action, and was properly dismissed on demurrer.

Judgment affirmed. *MacIntyre and Guerry, JJ., concur.*