## 25280. WOODS *v.* TRAVELERS INSURANCE COMPANY.

JENKINS, P. J. 1. "Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation. . . A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties based upon a different cause of action." *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260), further distinguishing these rules; Code of 1933, § 110-501; *College Park Land Co.* v. *College Park,* 48 *Ga. App.* 528 (173 S. E. 239). "The effect of a judgment can not be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of a former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon. . . [A party] must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." Justice Bleckley, in *Perry* v. *McLendon,* 62 *Ga.* 598, 604. See also *Smith* v. *Hornsby,* 70 *Ga.* 552 (3), 557. Thus, "Where the court, on demurrer, holds that the transaction upon which a recovery is sought does not, as it is alleged in the petition, constitute a cause of action, and dismisses the suit on this ground, the judgment operates as a res adjudicata, and bars a subsequent suit between the parties on the same transaction, though in the first case the facts were untruly or improperly stated, and if they had been truly and properly stated, a cause of action would have been disclosed." *Wolfe* v. *Ga. Ry. &c. Co.,* 6 *Ga. App.* 410, 412 (65 S. E. 62); and cit. *DeLoach* v. *Ga. Coast &c. R. Co.,* 144 *Ga.* 678 (87 S. E. 889); *Hoffman* v. *Summerford,* 28 *Ga. App.* 247 (111 S. E. 68); *Blankenship* v. *Johnston,* 47 *Ga. App.* 151 (170 S. E. 92), and cit.; Code, § 110-504. Accordingly, where in a former petition for total disability benefits under a group-insurance policy, requiring employment of the plaintiff by her employer at the time the disability arose, there was no allegation as to such employment, and for this reason the petition was properly dismissed on general demurrer (*Woods* v. *Travelers Ins. Co.,* 50 *Ga. App.* 205, 177 S. E. 347); and where the plaintiff then

brought the instant petition against the same defendant, alleging the same facts as in the former petition, except the additional averment, to meet the fatal defect of the former petition, that the employment did not terminate until the total disability began; the present petition was subject to the defendant's plea of res judicata, and the court did not err in overruling the plaintiff's demurrer to such plea.

2. Notwithstanding the statutory rules as to the proof of official and court records by certified or exemplified copies, and as to such exemplifications being primary evidence under the conditions provided (Code, §§ 38-601, 38-602), it is also the rule that, "When the record of a court in which a case is being tried is material evidence in a case, it may be proved by the production of the record itself, and a certified copy is not necessary." *Sellers* v. *Page*, 127 *Ga.* 633 (5) (56 S. E. 1011). Therefore the court did not err in admitting in evidence the original pleadings and judgment in the former suit, filed and entered in the same court, in support of the plea of res judicata, over the objection that certified copies were the best evidence.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided June 8, 1936.

*F. M. Gleason,* for plaintiff.
*Finlay & Campbell, Maddox, Matthews & Owens,* for defendant.

