## 27079. HEWELL *v.* HART COUNTY.

DECIDED NOVEMBER 17, 1938.

*J. T. Sisk,* for plaintiff. *A. S. Skelton,* for defendant.

STEPHENS, P. J. A county is liable for injuries caused by a defect in a bridge to persons traveling along a highway, only where the bridge was constructed after the approval of the act of December 29, 1888, which fixes the liability of a county by reason of a defect in a bridge. Ga. L. 1888, p. 39; Code, § 95-1001. The fact that a bridge was constructed subsequently to the approval of the act of 1888 is the basis of the county's liability for damages resulting from a defect in the bridge. *Seymore* v. *Elbert County,* 116 *Ga.* 371 (42 S. E. 727). In a suit against a county to recover damages for injuries alleged to have been sustained by the plaintiff, a traveler along a highway, by reason of the negligence of the

county in the maintenance of a bridge on the highway, where the petition fails to allege that the bridge was constructed after the passage of the act of 1888, supra, by which a county is made liable for injuries caused from defective bridges, a judgment sustaining a general demurrer on the ground that the petition fails to set out a cause of action, in that it is not alleged that the bridge was constructed subsequently to the approval of the act of 1888, is a judgment upon the merits of the cause, and is res judicata of the plaintiff's right to recover on the cause of action alleged, arising by reason of the alleged defect in the bridge. Code, § 110-504; *Wolfe v. Georgia Railway & Electric Co.*, 6 *Ga. App.* 410 (65 S. E. 62); *Avery* v. *Southern Ry. Co.*, 47 *Ga. App.* 772 (171 S. E. 456); *Woods* v. *Travelers Ins. Co.*, 53 *Ga. App.* 429 (186 S. E. 467). In a suit afterwards brought by the same plaintiff against the same defendant, to recover damages for the same injuries alleged to have been caused by the same defect in the bridge, predicated on the same grounds of negligence, notwithstanding it is alleged in this petition that the bridge was constructed by the county after the approval of the act of 1888, where it appears from the allegations that the petition in the former suit was dismissed on general demurrer on the ground that it failed to set out a cause of action, in that it failed to allege that the bridge was constructed after the approval of the act of 1888, it appears from the petition as amended that the cause of action sued on was adjudicated by the judgment sustaining the demurrer to the former petition. The demurrer on the ground that it appeared from the petition as amended that the cause of action sued on had already been adjudicated by the judgment on the demurrer to the petition in the former suit was properly sustained.

*Judgment affirmed. Sutton and Felton, JJ., concur.*