A04A2285. D. S. AMERI CONSTRUCTION CORPORATION et al. v. SIMPSON et al.
(611 SE2d 103)

PHIPPS, Judge.

We granted this interlocutory appeal to consider whether the trial court erred in denying a motion to stay litigation and compel arbitration. Because an arbitration clause in their agreement shows that the parties intended to submit the types of claims in dispute to an arbitrator, we reverse.

In March 2000, D. S. Ameri Construction Corporation entered into an agreement (Agreement) with William and Janey Simpson to construct a home and sell it to the Simpsons. After closing the sale and moving into their home, the Simpsons sued the corporation and its officers, Siavash Ameri and Deanna Ameri (collectively "Ameri"), alleging that their home had not been built in compliance with applicable building codes and industry standards. Their theories of recovery included breach of contract, negligent construction, breach of warranties, and fraud in the inducement based on their allegation that Ameri "never intended to fulfill the obligations under the [Agreement], namely, to build the Residence in a good and work-man-like manner." The Simpsons sought damages and, alternatively, rescission of the Agreement.

Ameri filed a motion to stay the litigation and compel arbitration, citing an arbitration clause in the Agreement. In opposing the motion, the Simpsons made no argument that the arbitration clause was invalid or that they had been fraudulently induced to enter into the agreement to arbitrate. Rather, they argued that the arbitration clause would be rendered void by a rescission of the Agreement, that therefore the threshold issue was whether the Agreement should be rescinded, and that such threshold question was for the court.

The court denied Ameri's motion, citing OCGA § 9-9-6 (a). It found that the Simpsons "have potentially effectively rescinded the contract, which creates a substantial issue about the validity of the Agreement and the arbitration clause therein. If the contract is determined to have been rescinded, then it would be considered void and the arbitration clause would fail."

The standard of review from the denial of a motion to compel arbitration is whether the trial court was correct as a matter of law.[1] Further, the construction of a contract is a question of law for the court that is subject to de novo review.[2] Where contract language is unambiguous, construction is unnecessary and the court simply enforces the contract according to its clear terms.[3] Contract language is unambiguous if it is capable of only one reasonable interpretation.[4]

The arbitration clause relied upon by Ameri pertinently provided,

> Any unresolved claim or dispute between Seller and Buyer arising out of or relating to such warranty, if any, and any other claim or dispute of any kind or nature between Seller and Buyer arising out of or relating in any manner to this Agreement or this transaction shall be decided by binding arbitration in accordance with Official Code of Georgia Annotated 9-9-1, et. seq. and with the rules and procedures of the arbitrator and such decision shall be final. . . . The provisions of this paragraph shall survive closing and delivery of the warranty deed to Buyer and *shall apply to any claim for rescission of the Agreement.* Any questions regarding the interpretation of this arbitration provision or about the arbitrability of a dispute under this provision shall be decided by the arbitrator, unless specifically required by law

---

[1] See *Laird v. Risbergs*, 266 Ga. App. 107 (596 SE2d 412) (2004).

[2] *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

[3] *Caswell v. Anderson*, 241 Ga. App. 703 (527 SE2d 582) (2000).

[4] Id.

to be decided by a court, and shall be binding on the parties.[5]

The Simpsons' argument and the trial court's ruling overlook the unambiguous language in this arbitration clause that expresses the parties' intent to arbitrate even claims or disputes seeking the remedy of rescission.[6] And undisputedly, the Simpsons do not challenge the validity of the arbitration clause itself. Where, as here, "there is no substantial issue concerning the validity of the agreement to submit to arbitration or compliance therewith and the claim sought to be arbitrated is not barred by limitation of time, the court shall order the parties to arbitrate."[7] Furthermore, "a provision in a written contract to submit any controversy thereafter arising to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award."[8] Under the circumstances of this case, the trial court erred in denying Ameri's motion to stay litigation and compel arbitration.[9]

*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MARCH 1, 2005.

*Andersen, Tate, Mahaffey & McGarity, Thomas T. Tate, Jeffrey B. Hicks*, for appellants.
*Jay B. Bell*, for appellees.

---

[5] (Emphasis supplied.)

[6] *Lytle v. Scottish American Mtg. Co.*, 122 Ga. 458, 466 (3), (4) (50 SE 402) (1905) (Rescission "abrogates the contract, not partially, but completely. It leaves the rights of the parties and the amount of the damages, if any, to be determined, not by the rescinded contract, but by the court of equity. But equity will not force parties to litigate, nor will it prevent them from entering into agreements to avoid litigation.") (citations omitted).

[7] OCGA § 9-9-6 (a).

[8] OCGA § 9-9-3.

[9] See *Bennett v. Cotton*, 244 Ga. App. 784, 786 (536 SE2d 802) (2000) (arbitration clause expressly covering "all claims or disputes … arising out of or relating to the contract documents, or the breach thereof" is broad enough to encompass claims of fraud and deceit); see generally *Results Oriented v. Crawford*, 245 Ga. App. 432, 437-438 (538 SE2d 73) (2000) (federal rule that a broad arbitration clause may commit issue of fraud in the inducement of the entire contract to arbitration rather than to court does not conflict with Georgia law), aff'd on other grounds, *Crawford v. Results Oriented*, 273 Ga. 884 (548 SE2d 342) (2001).