A06A2414, A06A2415. DALTON PAVING & CONSTRUCTION, INC. v. SOUTH GREEN CONSTRUCTION OF GEORGIA, INC. et al.; and vice versa.

(643 SE2d 754)

SMITH, Presiding Judge.

This case arises out of a dispute between a contractor, South Green Construction of Georgia, Inc. (South Green), and its subcontractor, Dalton Paving & Construction, Inc. (Dalton Paving). Pursuant to the subcontract, the parties submitted the dispute to arbitration. The arbitrator awarded Dalton Paving a total of $147,599.82 for its contract balance, interest, and attorney fees, but denied its remaining claims. Dalton Paving subsequently sued South Green and others in a five-count complaint which included a count to confirm the arbitrator's award. The trial court concluded that two of Dalton Paving's claims were precluded because they had been ruled upon by the arbitrator, and that the remaining two claims were not precluded because the alleged conduct giving rise to those claims occurred after the arbitration was concluded.[1]

In Case No. A06A2414, Dalton Paving appeals the trial court's grant of summary judgment in favor of the appellees on two of its claims. In Case No. A06A2415, the appellees appeal the trial court's denial of summary judgment on Dalton Paving's remaining two claims. We affirm in Case No. A06A2414, but we reverse the denial of summary judgment to the appellees in Case No. A06A2415.

The underlying facts are largely uncontroverted here. A dispute arose between South Green and Dalton Paving concerning Dalton Paving's grading, curb, and gutter work on the Dawnville Meadows Apartments construction project. Pursuant to a clause in the subcontract, the parties submitted to arbitration. Following a hearing, Dalton Paving filed a post-hearing brief requesting that the arbitrator find in its favor and also urging him to pierce South Green's

---

[1] The trial court has not ruled on Dalton Paving's motion to confirm the arbitrator's award.

corporate veil and "find that South Green and the Owner acted as a joint venture." The arbitrator found in favor of Dalton Paving awarding it a total of $147,599.82 for its contract balance, interest, and attorney fees, but denied all of Dalton Paving's remaining claims.

Dalton Paving subsequently filed a five-count complaint, naming as a defendant not only South Green, but also these other persons and entities: Ironwood Development, the project's developer; Dalton Flats Apartments, the owner of Dawnville Meadows; Whitfield Community Housing, Dalton Flats's general partner; Robert McMaster and Vincent Murphy, principals of, or interest holders in, Dalton Flats, Whitfield Community Housing, and Ironwood Development; Mark Breen, president of South Green; and Community Management Services, which manages Dawnville Meadows (collectively "appellees"). The complaint set forth five counts: (1) to confirm the arbitrators' award, (2) to "pierce the corporate veil," (3) "joint venture," (4) conversion, and (5) conspiracy. South Green and Breen moved for summary judgment on all of Dalton Paving's claims, and the remaining defendants either joined in that motion or filed a separate motion for summary judgment. The trial court granted the appellees' motion for summary judgment on Dalton Paving's "piercing the corporate veil" and "joint venture" claims, finding that Dalton Paving is estopped from raising those claims. The court denied the appellees' motion for summary judgment on the conversion and conspiracy claims on the ground that those claims arose after the arbitration and are therefore not subject to preclusion. All parties now appeal.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c).

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A defendant who does not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the moving party's burden may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. Id. "If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." (Citation omitted.) *Danjor, Inc. v. Corporate Constr.*, 272 Ga. App. 695, 695-696 (613 SE2d 218) (2005).

## Case No. A06A2414

In five enumerations, Dalton Paving contends that the trial court erred in concluding that because the arbitrator ruled on the "piercing the corporate veil" and "joint venture" claims, it was estopped from raising them in the current action. Dalton Paving argues that the appellees have not carried their burden of showing that these claims are precluded, and that the added defendants are not privies of South Green and therefore cannot assert res judicata. We disagree.

"Res judicata acts as a procedural bar to claims that were raised or could have been raised in a prior action." (Citation omitted.) *Bryan County v. Yates Paving &c.*, 281 Ga. 361, 363 (638 SE2d 302) (2006). The prior judgment "shall be conclusive between the same parties and their privies." OCGA § 9-12-40. Moreover, "[u]nder Georgia law, preclusion doctrines apply to arbitration proceedings. And preclusion doctrines apply to a cause of action even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added." (Citations and punctuation omitted.) *Bennett v. Cotton*, 244 Ga. App. 784, 785 (1) (536 SE2d 802) (2000). So, just as in *Bennett*, the fact that none of the other appellees was "technically a party to the arbitration proceeding does not prevent application of the doctrines." Id.

We must first determine whether the added defendants were privies of South Green for purposes of res judicata. "[P]rivies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property." (Citations and punctuation omitted.) *Bennett*, supra, 244 Ga. App. at 786 (1). "As distinguished from a *party*, a *privy*, . . . signifies him that is partaker, or hath an interest, in any action or thing." (Citations and punctuation omitted.) *Blakewood v. Yellow Cab Co.*, 61 Ga. App. 149, 150 (6 SE2d 126) (1939). Dalton Paving named not only South Green as a defendant but also other parties associated with the Dawnville Meadows construction project. These appellees are indeed in privity with South Green for res judicata purposes as they are holders of an ownership interest in the Dawnville Meadows Apartments. Cf. *College Park Land Co. v. Mayor &c. of College Park*, 48 Ga. App. 528, 528-529 (173 SE 239) (1934). Some are in essence third party beneficiaries of the subcontract. See, e.g., *Donalson v. Coca-Cola Co.*, 164 Ga. App. 712, 714 (2) (298 SE2d 25) (1982).

We next determine whether any of Dalton Paving's claims were raised during arbitration. In its post-arbitration brief, Dalton Paving asked the arbitrator to "pierce South Green's corporate veil" and to

"find that South Green and the Owner acted as a joint venture."[2] The arbitration award reflects that the arbitrator considered these claims and denied them, stating specifically "[a]ll other claims and relief requested by [Dalton Paving], including its request to 'pierce the corporate veil' or to find that [South Green] and the Owner acted as a joint venture, are expressly denied."[3] The arbitrator was not required to explain the reasoning behind the denial, see *Progressive Plumbing v. ABCO Builders*, 281 Ga. App. 696, 698 (637 SE2d 92) (2006), and we must conclude that because these claims were raised during arbitration, Dalton Paving is precluded by res judicata from raising them in a separate action. See *Bennett*, supra, 244 Ga. App. at 787 (1); see, e.g., *Hardwick v. Williams*, 272 Ga. App. 680, 682 (2) (b) (613 SE2d 215) (2005). The trial court therefore did not err in granting the appellees' motion for summary judgment on Dalton Paving's "piercing the corporate veil" and "joint venture" claims.

*Case No. A06A2415*

In six enumerations, the appellees challenge the trial court's denial of their motion for summary judgment on Dalton Paving's conversion and conspiracy claims. They argue that the trial court erred in finding that those claims involved conduct that arose after the arbitration. We agree.

Dalton Paving alleged that Robert McMaster, principal or interest holder in Dalton Flats, converted Dalton Paving's funds and that Mark Breen, owner of South Green, "specifically directed South Green and/or Mr. McMaster to convert Dalton Paving's earned subcontract funds." The complaint further alleged that the "[d]efendants joined in a conspiracy wrongfully to convert Dalton Paving's funds." Dalton Paving relied on the deposition testimony of McMaster given during the arbitration to support these allegations and even cites to this testimony in its brief on appeal. McMaster testified that "they knew that I controlled that money on behalf of South Green, their retainage, when I say that, money in the retainage." McMaster also

---

[2] Although Dalton Paving contends that these claims are not within the scope of the subcontract's arbitration clause, the clause clearly provides that "[a]ny claim arising out of or related to this Subcontract . . . shall be subject to arbitration." See, e.g., *D. S. Ameri Constr. Corp. v. Simpson*, 271 Ga. App. 825, 826 (611 SE2d 103) (2005) (clause provided that parties would arbitrate any claims or disputes arising out of, or related to, warranty).

[3] Dalton Paving argues that the arbitrator did not have jurisdiction to rule on these claims. But in denying the claims, the arbitrator essentially found that he had jurisdiction to consider them. In any case, Dalton Paving cannot on the one hand argue that the arbitrator lacked jurisdiction to decide the "joint venture" and "pierce the corporate veil" claims (assuming they are valid claims), while on the other hand contending that it did not have a full and fair opportunity to arbitrate those claims.

testified that he believed money held for payment to Dalton Paving could be used to pay another company to repair Dalton Paving's work and that Breen was aware of, and participated in, this decision.

Clearly Dalton Paving was aware of the facts supporting a claim for conversion and conspiracy during the arbitration proceedings but failed to assert those claims. Dalton Paving could have amended its demand for arbitration, see *St. Paul Fire & Marine Ins. Co. v. Barge*, 225 Ga. App. 392, 394-395 (2) (483 SE2d 883) (1997), or added the claims as it did in its post-arbitration brief to add the "pierce the corporate veil" and "joint venture" claims, especially in light of the subcontract's requirement that Dalton Paving arbitrate *all* claims arising out of, or related to, the subcontract. And as we have held in Case No. A06A2414, the added defendants are privies of South Green. Therefore, Dalton Paving's claims for conversion and conspiracy are now barred by res judicata. See *Bennett*, supra, 244 Ga. App. at 787 (1) (party "may not hold some claims in abeyance while others are submitted to binding arbitration"); see also *Doman v. Banderas*, 231 Ga. App. 229, 233 (1) (499 SE2d 98) (1998) (party had full and fair opportunity to litigate claims in prior action, which he chose not to pursue). The trial court therefore erred in denying the appellees' motion for summary judgment on these claims.

*Judgment affirmed in Case No. A06A2414. Judgment reversed in Case No. A06A2415. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 22, 2007 —
RECONSIDERATIONS DENIED MARCH 27, 2007 — 

*McCamy, Phillips, Tuggle & Fordham, James H. Phillips, Sutherland, Asbill & Brennan, W. Henry Parkman, Frank D. LoMonte,* for appellant.

*Webb, Zschunke, Neary & Dikeman, Brian R. Neary, Melissa C. Patton, Hendrick, Phillips, Salzman & Flatt, William D. Flatt, Bart W. Reed, Erik B. Seeney, Perrie & Cole, Stanley E. Kreimer, Jr.,* for appellees.