[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15529

_____

D. C. Docket No. 07-00412-CV-2-KD-C

DELLA DIAL,
A. C. JOHNSON,
NANCY NORFLEET,
CONSTANCE TAYLOR,
ABRAHAM WASHINGTON,
GEORGIA M. WOODS,
LAURA B. WASHINGTON,

Plaintiffs-Appellants,

versus

HEALTHSPRING OF ALABAMA, INC.,
MARCUS TROTTER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 26, 2008)

Before WILSON and PRYOR, Circuit Judges, and MIDDLEBROOKS,[*] District Judge.

PRYOR, Circuit Judge:

This appeal presents the question whether a complaint about conduct regulated by the Medicare Act filed in a state court may be removed to a federal court. Seven individual beneficiaries of the federal Medicare program filed a complaint against Healthspring of Alabama, Inc., the administrator of a Medicare Advantage health-insurance plan. Healthspring removed the case to a federal court and asserted that the complaint is "founded on a claim or right arising under the . . . laws of the United States," 28 U.S.C. § 1441, because it asserts claims that arise under the Medicare Act. The district court concluded that at least one claim for relief arises under federal law because the federal Medicare Act "wholly displaces the state-law cause of action through complete preemption," Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 124 S. Ct. 2058, 2062 (2003), and denied the beneficiaries' motion to remand. Because removal jurisdiction exists only where "the district courts have original jurisdiction," 28 U.S.C. § 1441, and the Medicare statute "strips federal courts of primary federal-question subject matter jurisdiction" over claims that arise under the Medicare Act, Cochran v. U.S. Health

    [*] Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.

Care Fin. Admin., 291 F.3d 775, 779 (11th Cir. 2002), we reverse with instructions to the district court to remand the case to the state court.

## I. BACKGROUND

Della Dial, A.C. Johnson, Nancy Porter Norfleet, Constance Taylor, Abraham Washington, Laura B. Washington, and Georgia M. Woods are beneficiaries of Medicare, a social-security program that provides federally-subsidized health insurance and is administered by the Department of Health and Human Services through the Centers for Medicare and Medicaid Services. The benefits available under Medicare are prescribed by law and divided into four "parts." Part A provides hospital, skilled nursing, home health, and hospice care benefits. Part B provides physician and other outpatient services. Part D provides outpatient prescription drug benefits. The traditional Medicare structure allows beneficiaries access to Parts A, B, and D as separate benefits. Part C provides beneficiaries with an option to instead obtain the benefits available under Parts A and B as well as some additional benefits through a health insurance plan, known as a "Medicare Advantage Plan," administered by a private company. See generally Matthews v. Leavitt, 452 F.3d 145, 147 n.1 (2d Cir. 2006).

Dial and the other six persons had been beneficiaries under Parts A and B of Medicare until 2005, when they enrolled in a Medicare Advantage Plan

3

administered by Healthspring, known as the "Seniors First" plan. According to the complaint, an agent of Healthspring met with each beneficiary. The beneficiaries enrolled in the Seniors First plan based on representations made by the agent.

The beneficiaries filed a complaint against Healthspring in the Circuit Court of Perry County, Alabama. The complaint asserts twelve counts, which are phrased as claims under Alabama law. The complaint also states that "[t]he Plaintiffs make no claims pursuant to any Federal Law, nor do the Plaintiffs make any claims which would give rise to Federal jurisdiction. Plaintiffs' claims arise solely from state law."

Healthspring removed the action to the federal district court under the general federal-question removal statute, 28 U.S.C. § 1441(b), and asserted that the beneficiaries' claims are "completely preempted by federal law." The district court denied the beneficiaries' motion to remand. The district court later granted the plaintiffs' application for an interlocutory appeal under 28 U.S.C. § 1292(b).

## II. STANDARD OF REVIEW

We review de novo the denial of a motion to remand. Florence v. Crescent Res., LLC., 484 F.3d 1293, 1297 (11th Cir. 2007).

## III. DISCUSSION

Healthspring removed this action under the general federal-question removal

4

statute, which provides, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). To be removable under this statute, the action must be founded on a claim or right arising under federal law, see Rivet v. Regions Bank of La., 577 U.S. 470, 475, 118 S. Ct. 921, 925 (1998), and the action must be one of which the district court has original jurisdiction, which means that the action "originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).

Ordinarily, "[t]o determine whether [a] claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Anderson, 539 U.S. at 6, 123 S. Ct. at 2062. The complaint expressly alleges only state-law claims, but Healthspring argues that the complaint contains claims that fall within an exception to the well-pleaded complaint rule that applies "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Id. at 9, 123 S. Ct. at 2063. Complete preemption occurs when a federal statute both preempts state substantive law and "provides the exclusive cause of action for the claim asserted." Id. at 8, 123 S. Ct. at 2063. Healthspring argues that the Medicare Act expressly preempts state substantive

5

law, see 42 U.S.C. § 1395w-26, and provides the exclusive remedy for at least some of the allegations in the complaint, see 42 U.S.C. § 1395w-22(g)(5). Another statute grants to district courts "original jurisdiction of all civil actions arising under" federal law. 28 U.S.C. § 1331. If the complaint contains at least one claim that arises under federal law within the meaning of section 1331, then the district court has supplemental jurisdiction over related claims, even if those claims do not arise under federal law. 28 U.S.C. § 1367(a).

The wrinkle in this appeal is that the only source of federal law that Healthspring invokes in support of removal is the Medicare Act, which "strips federal courts of primary federal-question subject matter jurisdiction" over claims that arise under that Act. Cochran, 391 F.3d at 779 (citing 42 U.S.C. § 405(h )). In place of that primary federal-question jurisdiction, the Act provides for an administrative hearing before the Secretary of the Department of Health and Human Services. 42 U.S.C. § 1395w-22(g)(5). If the amount in controversy is sufficient, the Act provides for "judicial review of the Secretary's final decision" in the form of a civil action in federal district court against the Secretary. Id.; 42 U.S.C. § 405(g). This procedure for judicial review of the administrative decision of the Secretary "to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." Heckler v.

Ringer, 466 U.S. 602, 614, 104 S. Ct. 2020 (1984).

Because the plaintiffs' action is not a "civil action of which the district courts have original jurisdiction," the action is not removable. 28 U.S.C. § 1441(b); Williams, 482 U.S. at 392, 107 S. Ct. at 2429. We need not decide whether the complaint against Healthspring arises under the Medicare Act because the district court lacks removal jurisdiction in any event. Even if we assume that at least one of the beneficiaries' claims for relief arises under the Medicare Act, the district court would lack subject-matter jurisdiction over their complaint because it is not against the Secretary of the Department of Health and Human Services for review of an administrative decision.

## IV. CONCLUSION

The denial of the plaintiffs' motion to remand is **REVERSED**. We **REMAND** to the district court with instructions to remand the case to the state court from which it was removed.

**REVERSED** and **REMANDED**.