[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14083

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00166-KOB


ALBERT T. WHITE, JR., Dr.,
MEDICAL ASSOCIATES OF WEST ALABAMA, PC,
NGAWA ANNA WHITE,

                                        Plaintiffs – Appellants


        versus


BLUE CROSS AND BLUE SHIELD OF ALABAMA,
CAHABA GOVERNMENT BENEFITS ADMINISTRATORS, LLC,
CAHABA SAFEGUARD ADMINISTRATORS, LLC,
BLUE CROSS BLUE SHIELD ASSOCIATION,

                                        Defendants – Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 8, 2011)

Before BARKETT and PRYOR, Circuit Judges, and BUCKLEW,* District Judge.

PER CURIAM:

Dr. Albert White, Medical Associates of West Alabama, P.C., and Ngawa Anna White (collectively, "White") appeal the district court's dismissal of their nine-count complaint against Blue Cross and Blue Shield of Alabama, and others ("the Carriers"), for lack of subject matter jurisdiction. After careful review and with the benefit of oral argument, we affirm.

In December of 1999, Ngawa Anna White sent a letter to the Alabama State Legislature, complaining that the Carriers had acted arbitrarily and capriciously in refusing to reimburse White and other medical providers for legitimate medical services. Within six months of that letter, the Carriers initiated an audit of White's practice and determined that White had received an actual overpayment of $89,650, with a projected overpayment of $57,975.20, for services White billed to Medicare from January 1, 1999 through June 30, 1999. In 2004, White paid the projected overpayment amount under protest and appealed the disputed overpayments.

White successfully pursued his appeal through hearings before a Fair

*Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

Hearing Officer in June of 2004, an Administrative Law Judge in July of 2005, and the Medicare Appeals Council in September of 2005. Two years later, in September of 2007, White submitted a Motion to Reopen the Hearing Decision to the Medicare Appeals Council. In his Motion to Reopen, White alleged breach of contract, fraud, tort of outrage, loss of consortium, violation of the constitutional rights to equal protection and due process, and violation of civil rights. He submitted an Amended Motion to Reopen in January of 2008, adding a claim for RICO violations. On May 19, 2008, the Medicare Appeals Council vacated the Administrative Law Judge's decision regarding White's appeal for overpayment, but it ruled against White on his subsequently added claims for breach of contract, fraud, tort of outrage, loss of consortium, violation of the constitutional rights to equal protection and due process, violation of civil rights, and RICO, finding those claims were "appropriately addressed in the Medicare appeals process." The Medicare Appeals Council denied White's later request for review of those subsequently added claims.

Instead of seeking judicial review of that decision by filing an action in district court against the Secretary of the Department of Health and Human Services ("HHS"), as required by 42 U.S.C. §§ 405(g) and 1395ff(b)(1)(A), White filed this action against the Carriers. The counts in his complaint coincide with

3

those raised in his Motion to Reopen before the Medicare Appeals Council, and all counts are based on the Carriers' 2000 audit of White's claims for services billed to Medicare. The Carriers moved to dismiss the complaint on the grounds that the district court lacked subject matter jurisdiction because the claims arose under the Medicare Act and because they were entitled to sovereign immunity. The district court concluded that White's claims arose under the Medicare Act, and, at the very least, involved claims that were inextricably intertwined with claims under the Medicare Act. In light of that conclusion, the district court determined that it lacked subject matter jurisdiction and granted the Carriers' motion to dismiss.

Pursuant to 42 U.S.C. § 405(h), federal courts are stripped "'of primary federal-question subject matter jurisdiction' over claims that arise under that Act"; instead, "the Act provides for an administrative hearing before the Secretary of [HHS] . . . [and] 'judicial review of the Secretary's final decision' in the form of a civil action in federal district court against the Secretary." Dial v. Healthspring of Ala., Inc., 541 F.3d 1044, 1047–48 (11th Cir. 2008) (internal citations omitted) (citing 42 U.S.C. §§ 405(g), 1395w-22(g)(5); Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 779 (11th Cir. 2002)). Consequently, federal courts have jurisdiction over only those cases that are properly appealed from a final administrative decision, and that are filed against the Secretary of HHS. See id.

4

White's complaint alleged claims that were based on the Carriers' 2000 audit of White's claims for services billed to Medicare; therefore, the district court correctly concluded that White's claims arose under the Medicare Act. Moreover, White did not appeal the Medicare Appeals Council's decision, nor did he file suit against the Secretary of HHS. Accordingly, the district court correctly determined that it did not have subject matter jurisdiction over White's complaint and granted the Carriers' motion to dismiss. The court's dismissal of that complaint is **AFFIRMED.**