[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14913
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-01128-MLB


FLOYD HARRELL,
DIANNE A. HARRELL,

                                    Plaintiffs-Appellants,

versus

BANK OF AMERICA, N.A.,
PRIMARY CAPITAL ADVISORS LC,
PHELAN HALLINAN DIAMOND & JONES, PLLC,

                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 7, 2020)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Floyd Harrell and Dianne A. Harrell, *pro se*, appeal the dismissal of their complaint alleging claims under the Real Estate Settlement Procedures Act ("RESPA"), Fair Debt Collection Practices Act ("FDCPA"), Truth in Lending Act ("TILA"), 18 U.S.C. § 1341, and Georgia state law.  The Harrells named as defendants to their complaint Bank of America, N.A. ("BANA"), Primary Capital Advisors, LC ("Primary Capital"), and Phelan Hallinan Diamond & Jones, PLLC ("Phelan"), collectively referred to as "the defendants."  First, plaintiffs argue that the district court erred in denying their motion to remand the action to Georgia superior court.  Second, plaintiffs argue that the district court erred in dismissing their complaint on the basis of res judicata and collateral estoppel.  As we will explain, we hold that the district court did not err in either of these two ways and therefore affirm.

**I**

We first consider the Harrells' argument that the district court erred in denying their motion to remand.  We review "[w]hether a court has subject-matter jurisdiction to hear a matter" de novo, as it is a question of law.  *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012).  We also review de novo a district court's removal jurisdiction and denial of a motion to remand.  *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313

2

(11th Cir. 2012). The burden of proving that removal jurisdiction exists is on the removing party. *Id.* at 1313 n.1.

## A

A civil action brought in state court can be removed to a federal district court that had subject-matter jurisdiction to hear the case initially. 28 U.S.C. § 1441(a); *Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008). Federal courts are courts of limited jurisdiction that, in general, can only hear cases that involve federal questions or that meet the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." *Id*. § 1331. A federal court has supplemental jurisdiction over a plaintiff's state-law claims when they "form part of the same case or controversy" as the plaintiff's federal claims. *Id.* § 1367(a).

To remove an action, "all defendants who have been properly joined and served must join in or consent to the removal of the action," and a defendant must file a notice of removal "within 30 days after the receipt . . . of a copy of the initial pleading." *Id*. § 1446(b)(1)–(2). The 30-day time period under § 1446(b) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal

3

service." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

While "the failure to include all state-court pleadings and process with the notice of removal is procedurally incorrect," it "is not a jurisdictional defect." *Cook v. Randolph County*, 573 F.3d 1143, 1150 (11th Cir. 2009). We have stated that § 1446(a) requires defendants to file only the state-court pleadings that have been served on them, not every pleading filed in state court. *Id.* Moreover, the omission of required state-court pleadings or process is a "merely modal and formal" error that does not affect removal if the case is otherwise removable. *Covington v. Indem. Ins. Co.*, 251 F.2d 930, 933 (5th Cir. 1958).[1] Any documents missing from the removal record can be supplied later. *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985).

**B**

The district court did not err in denying the Harrells' motion to remand because BANA's notice of removal was timely and properly filed. The record shows that BANA filed its notice of removal within 30 days of service of the summons and complaint. 28 U.S.C. § 1446(b). The Harrells' argument that

---

[1] In *Bonner v. City of Prichard*, we adopted as binding precedent all decisions of the Fifth Circuit before October 1, 1981. 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

BANA's removal was untimely because it had received the complaint prior to service is misguided because "mere receipt of the complaint unattended by any formal service" is insufficient to trigger the start of the 30-day time period. *Bailey*, 536 F.3d at 1205.

To the extent that BANA's notice of removal did not include certain exhibits from the Harrells' state-court complaint, BANA's failure to attach those documents was procedural, did not affect the removal, and was cured when the Harrells later attached those exhibits to their motion to remand. *See Cook*, 573 F.3d at 1150; *Usatorres*, 768 F.2d at 1286; *Covington*, 251 F.2d at 933. Further, the district court had federal-question jurisdiction over the Harrells' complaint because it asserted multiple claims under federal law, including the RESPA, FDCPA, TILA, and mail-fraud claims. *See* 28 U.S.C. § 1331. The district court also had supplemental jurisdiction over the Harrells' remaining state-law claims because they arose out of the same set of facts and circumstances as their federal claims—the fraudulent actions by the defendants in refinancing their loan. *See id.* § 1367(a); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (holding that 28 U.S.C. § 1367(a) "confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim").

Accordingly, because BANA's notice of removal was timely and the district court had jurisdiction over the Harrells' claims, the court did not err in denying the Harrells' motion to remand.[2]

## II

Next, we consider the Harrells' argument that the district court erred in dismissing their complaint. We review a district court's grant of a motion to dismiss for failure to state a viable claim de novo. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). We "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a *pro se* plaintiff states a viable claim, we liberally construe the complaint. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We also review

---

[2] The Harrells' reliance on the *Rooker-Feldman* doctrine is misplaced. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, the removal of the Harrells' case was not an improper attempt to seek review of a final state-court order, and thus, the *Rooker-Feldman* doctrine does not apply.

de novo the district court's application of res judicata, as it is a question of law. *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

## A

Although res judicata is an affirmative defense that is properly raised under Federal Rule of Civil Procedure 8(c)(1), a party may raise it in a Rule 12(b)(6) motion to dismiss "where the defense's existence can be judged on the face of the complaint." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). In making this determination, we may consider documents attached to the complaint and take judicial notice of state and federal court records of prior proceedings. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811–12 & n.4 (11th Cir. 2015).

When a federal district court applies res judicata to a prior state-court decision, it applies the res judicata principles of the law of that state. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985). Under Georgia law, the "three prerequisites [that] must be satisfied before res judicata applies" are "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Coen v. CDC Software Corp.*, 816 S.E.2d 670, 675 (Ga. 2018).[3] Georgia courts have

---

[3] Res judicata is "a term that is applied inconsistently" but is generally understood to refer to two types of preclusion: claim preclusion and issue preclusion. *Crowley Maritime Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 931 F.3d 1112, 1126 (11th Cir. 2019) (quotation omitted).

7

applied res judicata to bar a *pro se* litigant's claims.  *See, e.g.*, *Vereen v. Deutsche Bank Nat'l Tr. Co.*, 676 S.E.2d 227, 228 (Ga. 2009).

Regarding the first prerequisite, a cause of action is defined as "the entire set of facts which give rise to an enforceable claim . . . with special attention given to the wrong alleged."  *Coen*, 816 S.E.2d at 675 (quotations omitted).  Res judicata bars claims that "have already been adjudicated, or which could have been adjudicated" in a prior action.  *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 696 S.E.2d 667, 668–69 (Ga. 2010).  A subsequent cause of action may be barred "even if some new factual allegations have been made" or "some new relief has been requested."  *Dalton Paving & Constr., Inc. v. S. Green Constr. of Ga., Inc.*, 643 S.E.2d 754, 756 (Ga. Ct. App. 2007).  Further, a party may not avoid res judicata by "recasting . . . the same alleged conduct" in a new cause of action or a new theory of recovery.  *Crowe v. Elder*, 723 S.E.2d 428, 430–31 (Ga. 2012) (relying on res judicata to bar a breach-of-contract action because an earlier suit for fraud relied on the same facts and allegations of misconduct).  *But see Morrison v. Morrison*, 663 S.E.2d 714, 718 (Ga. 2008) (holding that res judicata bars an action when "the *entire* set of facts" relied on by the causes of action is identical (quotation omitted)).[4]

---

Issue preclusion is often referred to as "collateral estoppel."  *See id.*  Because Georgia courts generally use "res judicata" to refer to claim preclusion, we do as well.

[4] In *Coen*, the Georgia Supreme Court addressed what appeared to be two separate lines of res

As to identity of parties, a nonparty can be bound where he or she is "adequately represented by a party with the same interest." *Lilly v. Heard*, 761 S.E.2d 46, 51 (Ga. 2014); *see also id.* at 50 (defining a "privy" as "one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right" (quotation omitted)). Parties are in privity when they have a "mutual or successive relationship to the same rights of property." *Dalton Paving & Constr.*, 643 S.E.2d at 756 (quotation omitted).

With respect to the third prerequisite—"a previous adjudication on the merits by a court of competent jurisdiction"—Georgia's superior courts are courts of general jurisdiction and also have exclusive jurisdiction in cases involving title to land. Ga. Const. art. VI, § 4. An order dismissing a claim with prejudice "operate[s] as an adjudication upon the merits" unless the court specifies otherwise or unless the dismissal is for failure to prosecute, lack of jurisdiction, improper venue, or lack of an indispensable party. Ga. Code Ann. § 9-11-41(b).

---

judicata cases and found that rather than separate lines there was merely confusion resulting from an inconsistency in terminology. 816 S.E.2d at 672, 674–75 & n.9. The court held that the "identity of the cause of action" requirement is not a broad subject-matter test, but instead determined by "the entire set of facts which give rise" to the claims in each cause of action. *Id.* at 675. The court emphasized, though, that "'causes of action' should not be conflated with theories of recovery," and that "just because the theory of recovery is different in consecutive lawsuits does not automatically mean that there is no identity of cause of action that might trigger res judicata." *Id.* at 674 n.7.

9

**B**

The district court did not err in applying res judicata to dismiss the Harrells'

claims based on the prior adjudication in *Harrell v. Bank of Am., N.A., et al.*, No.

16-CV-00457-RJJ (Douglas Cty. Super. Ct. Apr. 26, 2017) ("*Harrell II*").[5]  As an

initial matter, it was proper for the defendants to raise the defense of res judicata in

their motions to dismiss because its applicability was apparent from the face of the

Harrells' complaint and the documents the district court was allowed to consider.

*See Concordia*, 693 F.2d at 1075.  Further, the defendants attached documents

from the prior state-court proceeding with the Harrells that allowed the district

court to determine whether res judicata applied.  *See Humana*, 776 F.3d at 811–12

& n.4.

All three prerequisites necessary for res judicata to apply are present here.

First, there is "identity of the cause of action."  In the instant action and *Harrell II*,

the Harrells' claims arose out of the same set of facts alleging a conspiracy to

defraud them and induce them to refinance their loan, which led to the allegedly

fraudulent transfer of their loan and mortgage to BANA and the fraudulent

refinancing of their loan by Primary Capital.  While the Harrells' complaint in the

---

[5] There is a history of litigation between the parties.  In 2014, BANA filed a complaint against the Harrells in state court to void several filings that they had recorded in the county.  *Bank of Am., N.A. v. Harrell, et al.*, No. 14-CV-02862-RJJ (Douglas Cty. Super. Ct. Nov. 14, 2014) ("*Harrell I*").  Only *Harrell II* is relevant to this appeal.

10

instant action might have alleged new facts surrounding their original lender's fraud and the defendants' knowledge of it, the operative wrongful conduct—the alleged fraud and conspiracy committed by the defendants in relation to transferring their loan and mortgage and refinancing their loan—was the same. *See Crowe*, 723 S.E.2d at 430–31; *Dalton Paving & Constr.*, 643 S.E.2d at 756.

A number of the Harrells' allegations in the instant case and *Harrell II* are nearly identical, including: that the defendants engaged in racketeering and conspiracy to profit at the Harrells' expense; that the defendants fraudulently induced the Harrells to refinance their loan; that the defendants refused to provide proof that they owned the Harrells' loan; and that the defendants lacked the authority to collect payments or foreclose on the Georgia property. Although the lawsuits involved different claims for relief, with some overlap, they were the same causes of action for purposes of res judicata because they arose out of the same series of operative events surrounding the allegedly fraudulent reassignment of the mortgage and loan to BANA and Primary Capital's refinance of the Harrells' loan. *See Coen*, 816 S.E.2d at 674–75 & n.7.

Second, there is "identity of the parties" because BANA, Phelan, and Primary Capital were named as defendants in *Harrell II*. While Primary Capital was never served in *Harrell II*, BANA is in privity with Primary Capital, as they have a "mutual or successive relationship to the same rights" in the Georgia

11

property.  *Dalton Paving & Constr.*, 643 S.E.2d at 756 (quotation omitted).

Moreover, BANA is also in privity with Phelan because Phelan was involved in

enforcing BANA's interest in the Georgia property through a non-judicial

foreclosure.  *See Lilly*, 761 S.E.2d at 50–51.

Third, the previous adjudication was "on the merits by a court of competent

jurisdiction."  *Harrell II* was fully adjudicated on the merits, as it was dismissed

with prejudice after a hearing on BANA's motion to dismiss.  *See* Ga. Code Ann.

§ 9-11-41(b).  The Superior Court of Douglas County is a court of competent

jurisdiction because it has both general jurisdiction and exclusive jurisdiction over

cases involving title to land.  *See* Ga. Const. art. VI, § 4.

For these reasons, the district court properly applied res judicata in finding

that the Harrells' present suit against the defendants was barred because it

presented the same cause of action that was adjudicated in *Harrell II*.  Because res

judicata bars the Harrells' present suit, we need not decide whether the Harrells'

claims would also be barred by collateral estoppel.[6]

---

[6] We also reject the Harrells' arguments based on the doctrines of permissive joinder and *parens patriae*.  Plaintiffs are permitted to join in an action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  Under "certain limited circumstances," states are permitted to sue in *parens patriae* to enforce "quasi sovereign" interests.  *Connecticut v. Health Net, Inc.*, 383 F.3d 1258, 1261 (11th Cir. 2004) (quotation omitted).  Here, the Harrells did not attempt to join in an action with other plaintiffs based on a common question of law and are not the state or a quasi-sovereign entity.  Thus, these doctrines are inapplicable to the Harrells' case.

12

\* \* \*

In conclusion, the district court properly denied the Harrells' motion to remand to state court.  It also correctly dismissed the Harrells' claims, as they are barred by res judicata.

**AFFIRMED.**