[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11529

Non-Argument Calendar

_____

JORG BOBER,
Dr.,
FIRST COAST PODIATRIC SURGERY
AND WOUND CARE, LLC,

                                        Plaintiffs-Appellants,

_versus_

SAFE GUARD SERVICES, LLC,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cv-01093-BJD-PDB

_____

Before BRANCH, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

The question in this appeal is whether a medical practice's lawsuit against a federal contractor arises under the Medicare Act. *See* 42 U.S.C. § 405(h). The Centers for Medicare and Medicaid (CMS), the federal agency that runs Medicare, contracted Safe Guard Services, LLC, to audit Dr. Jorg Bober's podiatry practice for potential fraud. Bober and his practice sued Safe Guard for its conduct during that audit, including its decision to suspend Medicare reimbursements and its treatment of Bober's appeal of that decision. Specifically, Bober brought five causes of action: (i) tortious interference with business relationships; (ii) defamation; (iii) negligence; (iv) negligent hiring, retention, training, and supervision; and (v) violations of Florida's Deceptive and Unfair Trade Practices Act.

Under 42 U.S.C. § 405(h), the courts are stripped of subject matter jurisdiction over claims "arising under" the Medicare Act. *Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044 (11th Cir. 2008). Instead, claimants must exhaust administrative remedies before

seeking judicial review. *Id.* (citing *Heckler v. Ringer*, 466 U.S. 602, 614 (1984)). The district court dismissed Bober's claims without prejudice under the Medicare Act because Bober did not exhaust available administrative remedies before seeking relief in federal court. 42 U.S.C. § 405(g).

We agree that Bober's claims arise under the Medicare Act and, because he did not exhaust administrative remedies, we affirm the district court. We review a district court's dismissal for lack of jurisdiction *de novo. Miccosukee Tribe of Indians v. U.S., EPA*, 105 F.3d 599, 602 (11th Cir. 1997). We must construe the "arising under" language broadly. *Heckler*, 466 U.S. at 615. A claim arises under the Medicare Act when it is "inextricably intertwined" with the Medicare Act or where "both the standing and the substantive basis for presentation" is the Medicare Act. *Id.* at 615, 624. Accordingly, "[a] claim may arise under the Medicare Act even though, as pleaded, it also arises under some other law." *Midland Psychiatric Assocs., Inc. v. United States*, 145 F.3d 1000, 1004 (8th Cir. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975)).

Bober argues that his claims "are wholly independent of either reimbursements or eligibility," and thus do not arise under the Act. We disagree. As the district court explained, Bober's claims arise under the Medicare Act because "[b]ut for the Medicare Act, [Safe Guard] would not have performed the investigatory functions complained of." Bober's claims are based entirely on the work that Safe Guard performed on behalf of CMS—auditing past Medicare payments, suspending future payments, addressing Bober's appeal

of the suspension, and the like. Accordingly, we agree with the district court that Bober's claims arise under the Medicare Act and that he was required to administratively exhaust his claims before seeking judicial relief. *Heckler*, 466 U.S. at 615. Because he did not administratively exhaust his claims, the district court correctly dismissed his complaint for lack of subject matter jurisdiction.

**AFFIRMED.**