[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11815

Non-Argument Calendar

_____

DANIEL WOODS,

Plaintiff-Appellant,

*versus*

SECRETARY, U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

Defendant-Appellee,

MAXIMUS MEDICARE PART C,
CARE IMPROVEMENT PLUS SOUTH CENTRAL
INSURANCE CO,
OFFICE OF MEDICARE HEARINGS AND APPEALS,
PERFORMANCE PROTHETICS AND ORTHOTICS,

2                    Opinion of the Court                    24-11815

HANGER CLINIC,

                                                                  Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cv-24700-TKW-ZCB

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRASHER, Circuit Judges.

PER CURIAM:

Daniel Woods, proceeding *pro se*, appeals the dismissal of his amended complaint for lack of subject-matter jurisdiction and, alternatively, for failure to state a claim. Woods argues that the district court had federal-question jurisdiction, 28 U.S.C. § 1331, over his complaint that Medicare's failure to reimburse his shoe lifts for $306.25 constituted discrimination under the Affordable Care Act, 42 U.S.C. § 18116(a), and that he stated a plausible claim of discrimination. We affirm the dismissal without prejudice of Woods's complaint for lack of subject-matter jurisdiction.

We review a dismissal for lack of subject-matter jurisdiction *de novo*. *Soul Quest Church of Mother Earth, Inc. v. Att'y Gen.*, 92 F.4th 953, 964 (11th Cir. 2023).

The district court did not err in dismissing Woods's complaint for lack of subject-matter jurisdiction. The Medicare Act strips federal courts of federal-question jurisdiction over claims that arise under the Act and provides for proceedings before the Secretary of the Department of Health and Human Services. *Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008). A claim arises under the Act if it is "inextricably intertwined" with the enrollee's claim for benefits, such as a request for a declaration that the Secretary's policy is invalid and that expenses are reimbursable. *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984). The Act provides that an enrollee may seek judicial review of an agency decision regarding coverage only if he meets the amount in controversy requirement of $1,000, subject to adjustment for inflation since 2004. 42 U.S.C. §§ 1395w-22(g)(5), 1395ff(b)(1)(E)(iii). Woods's complaint that Medicare's failure to reimburse him amounted to discrimination is inextricably intertwined with his claim for Medicare benefits because he requests reimbursement and a declaration that the policy at issue is invalid. *See Heckler*, 466 U.S. at 614–15. And his claim for reimbursement of $306.25 fell short of the threshold to obtain federal judicial review. *See* 42 U.S.C. § 1395w-22(g)(5).

We **AFFIRM** the dismissal of Woods's amended complaint without prejudice for lack of subject-matter jurisdiction.